COX *v.* MAXWELL, WARDEN.

[Cite as Cox v. Maxwell, Warden, 1 Ohio St. 2d 111.]

(No. 39216—Decided March 3, 1965.)

112

Mr. *Herbert Lee Cox*, in propria persona.
Mr. *William B. Saxbe*, attorney general, and Mr. *William C. Baird*, for respondent.

*Per Curiam.* It is petitioner's contention that his sentence has expired, a full 15 years having passed since he was sentenced. He argues that the parole commission does not have the power to increase his sentence. The parole commission does not increase sentences. In cases such as this it determines how much time an individual has lost while at large as a parole violator and determines when he will be considered again for parole. The sentence of one convicted of a felony has a definite minimum and maximum. Unless granted a final release, one convicted must serve the maximum sentence imposed either by actual incarceration in prison or under technical custody on parole. Where one on parole violates his parole and is declared a parole violator his sentence ceases to run until he is available for return. *Armstrong* v. *Haskins, Supt.*, 176 Ohio St. 422; and *Cline* v. *Haskins, Supt.*, 175 Ohio St. 480.

Thus, petitioner's sentence has not expired although more than 15 years have elapsed since the imposition thereof. He has not been in either actual or constructive custody during this entire period. According to the records, petitioner was at large as a parole violator for more than four years. During this period, while he was at large as a parole violator, his sentence ceased to run and he is not entitled to credit on his sentence for such time.

Petitioner's sentence not having expired, his argument is not well taken.

*Petitioner remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.