**Herbert Lee COX, Petitioner-Appellant,**

v.

**E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

**No. 16662.**

United States Court of Appeals
Sixth Circuit.

Oct. 7, 1966.

---

3.  18 U.S.C. § 2.

4.  Carpenter v. United States, 264 F.2d 565 (4 Cir. 1959), cert. den. 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548.

Herbert Lee Cox in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Southern District of Ohio denying the petition of Herbert Lee Cox, the petitioner-appellant herein, for a writ of habeas corpus. The petitioner is now confined in the Ohio State Penitentiary and he claims that his sentence has expired.

It is claimed on behalf of the respondent-appellee that the district judge dismissed the petition for the reason that the petitioner had not exhausted his state remedies either by habeas corpus or delayed appeal. Neither of these claims is correct. The petitioner was denied a writ of habeas corpus by the Supreme Court of Ohio. Cox v. Maxwell, Warden, 1 Ohio St.2d 111, 205 N.E.2d 17. The petitioner has never denied the validity of his conviction and sentence. There would be no purpose in taking a delayed appeal. The petitioner claims that he is being illegally restrained by reason of expiration of his sentence. Habeas corpus is his proper remedy. An examination of the record discloses that the district judge dismissed the petition on the merits of petitioner's claim and not because he had failed to exhaust his state remedies.

The petitioner alleges in his petition that he is confined at the Ohio penitentiary under the custody of E. L. Maxwell, warden, by orders issued by the Ohio Pardon and Parole Commission; that he was sentenced to the Mansfield Reformatory upon a plea of guilty to a charge of burglary by the Common Pleas Court of Hamilton County, Ohio, for a term of one to fifteen years; that he began to serve his sentence on February 5, 1948, and that in the interim between then and now four paroles were granted and revoked.

Section 2965.21 Ohio Revised Code provides, in part,

"A * * * prisoner who has been paroled, who in the judgment of the pardon and parole commission has violated the conditions of his * * * parole shall be declared a violator. In the case of * * * a * * * prisoner, or other person who has been declared a violator, the time from the date of * * * the declared violation of his * * * parole to the date of his arrest or return shall not be counted as a part of time or sentence served."

See Armstrong v. Haskins, 176 Ohio St. 422, 200 N.E.2d 311.

The respondent pleads that during the times the petitioner was on parole he was convicted and served time in other jurisdictions and was not available to the Ohio parole authorities after he was declared to be a parole violator. In this manner he lost six years, one month and eight days that could not be counted as time on his sentence. These facts are corroborated by petitioner's petition and statement of facts and are not in dispute.

Under the law of Ohio, the time required for the petitioner to serve his sentence, which would have expired on February 4, 1963, is extended by the amount of time lost on parole when he was not available to be returned to the Ohio authorities. Thus the petitioner's

sentence has not expired and he is not entitled to a writ of habeas corpus. This is what the district judge decided and what the Supreme Court of Ohio decided in Cox v. Maxwell, Warden, 1 Ohio St.2d 111, 205 N.E.2d 17.

No federal constitutional rights are involved. It is within the province of a state to define crimes and to fix the punishment therefor. A parole is an act of grace on the part of the state. It has a right to prescribe the terms and fix the conditions upon which paroles may be granted. Ohio has acted fairly in this regard and the petitioner has only himself to blame for not abiding by the terms and conditions of his paroles.

Judgment affirmed.