Ryder v. Perini, Supt., Marion Correctional Institution.

[Cite as Ryder v. Perini, 20 Ohio St. 2d 3.]

(No. 69-361—Decided October 8, 1969.)

*Mr. Bernard L. Ryder, in propria persona.*
*Mr. Paul W. Brown,* attorney general, and *Mr. James S. Rood,* for respondents.

*Per Curiam.* This is an action in habeas corpus originating in this court.

On June 28, 1962, petitioner pleaded guilty to grand larceny and to making and issuing checks with intent to defraud, and was sentenced to concurrent terms of one to seven years in the penitentiary. He began serving his terms on July 3, 1962, which would cause his maximum sentence to expire on July 3, 1969.

However, petitioner has twice been paroled and declared a parole violator. He was at large as a parole violator on his first parole for 61 days and on his second parole for 181 days. He thus has lost 242 days which causes his maximum sentence to terminate in January 1970.

It is petitioner's position that the parole board had no right to extend his sentence and that it did so by adding his lost time to the normal expiration date of his sentence.

The parole board did not increase petitioner's sentence. Petitioner was obligated to serve a maximum of seven years under his sentence. His sentence was not running while he was at large as a parole violator. See Section 2967.15, Revised Code; *Cox* v. *Maxwell,* 1 Ohio St. 2d 111; *Cline* v. *Haskins,* 175 Ohio St. 480.

4

The parole board properly extended the time for petitioner's release.

*Petitioner remanded to custody.*

Taft, C. J., Matthias, O'Neill, Schneider, Herbert, Duncan and Corrigan, JJ., concur.