[No. 11922-0-III.   Division Three.   February 25, 1993.]

ANDY EARL GUGIN, *Respondent,* v. SONICO, INC., *Appellant.*

*Garth L. Dano* and *Dano Law Firm,* for appellant.

*Susan Cawley* and *Jeffers, Danielson, Sonn & Aylward, P.S.,* for respondent.

SWEENEY, J. — Sonico, Inc., appeals from a judgment entered upon a jury verdict finding it liable for discriminating against its employee, Andy Gugin, because of a prior criminal conviction. The disposition rests on the validity of

WAC 162-16-060 which prohibits employers from discriminating against persons who have been convicted of a crime. Because we conclude that the Washington State Human Rights Commission exceeded its statutory authority in enacting the regulation, we reverse.

### FACTUAL BACKGROUND

Sonico hired Mr. Gugin as a shipping and receiving clerk on April 1, 1987. Mr. Gugin was placed on 90-day probation and was told that his employment was terminable with or without cause. He signed an employment agreement which provided that "either the Employee or Employer shall have the right at any time to terminate the employment of Employee with or without any reason or any justification." Sonico did not inquire into Mr. Gugin's criminal history, which included a conviction for possession of a controlled substance in 1972 and a 1974 conviction for taking a motor vehicle without permission.

Sonico's plant manager, Tony Austin, terminated Mr. Gugin's employment on May 5. The events preceding his firing are disputed. According to Mr. Gugin, on May 4 he arrived at work to find the back door to the shipping and receiving room unlocked. He reported the problem to Mr. Austin and told him that dead bolts would be more effective. Mr. Gugin claimed that on May 5 Mr. Austin told him he was being terminated because he had a prison record and was a thief.

Sonico denied that Mr. Gugin was fired because of his criminal convictions and maintained that the employment was terminated for security reasons. As a shipping and receiving clerk, Mr. Gugin had access to Sonico's aircraft component inventory and equipment. According to Sonico, in the latter part of April, Mr. Austin overheard Mr. Gugin tell a freight driver that he had spent time in jail. Mr. Austin relayed this information to the president of Sonico, Bill Perdue, who instructed Mr. Austin that any prior criminal behavior would not be the basis for a termination. On sev-

eral occasions, Mr. Gugin told Mr. Austin that he found the warehouse doors unlocked when he came to work and that it would be easy for someone to break into the warehouse using a credit card. Mr. Austin had personally checked the doors and found them locked. Mr. Austin did not want to leave Mr. Gugin alone in the warehouse and the decision was made to terminate Mr. Gugin's employment. Mr. Austin denied calling Mr. Gugin a thief.

Mr. Gugin sued Sonico, claiming that Sonico had terminated him in violation of WAC 162-16-060, which provides:

> (1) It is an unfair practice for an employer . . . to refuse to hire or otherwise discriminate against a person simply because he or she has been convicted of a crime, but the conviction may be considered to the extent that it reveals the current presence of absence of specific qualifications for a job and
> (a) All applicants are evaluated alike for the qualifications under consideration; and
> (b) The date of the conviction or prison release, whichever is more recent, is less than 7 years old.

Sonico moved for summary judgment arguing that WAC 162-16-060 was invalid because the Human Rights Commission had exceeded its authority by creating an additional class of people protected by RCW 49.60.[1] The court denied Sonico's motion and the matter proceeded to trial. Sonico renewed its objection to WAC 162-16-060 and moved for judgment on the pleadings. Again, the motion was denied.

A jury returned a verdict in favor of Mr. Gugin for $500. The court trebled the damages to $1,500, citing RCW 49.60-.030, and awarded Mr. Gugin costs and attorney fees in the amount of $14,844. Judgment was entered in favor of Mr. Gugin. On Sonico's motion for reconsideration, the court

---

[1] RCW 49.60.010 provides in part:

"This chapter shall be known as the 'law against discrimination'. It is an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights. The legislature hereby finds and declares that practices of discrimination against any of its inhabitants because of race, creed, color, national origin, sex, marital status, age, or the presence of any sensory, mental, or physical handicap are a matter of state concern . . .".

reduced the attorney fee award to $9,149.25. Sonico appeals the judgment entered in favor of Mr. Gugin; Mr. Gugin cross-appeals the reduction of the attorney fee award.[2]

## DISCUSSION

██ An administrative agency has only such powers as the Legislature grants. *In re Little*, 95 Wn.2d 545, 549, 627 P.2d 543 (1981), *overruled on other grounds in State v. Danforth*, 97 Wn.2d 255, 643 P.2d 882 (1982); *Greig v. Metzler*, 33 Wn. App. 223, 229, 653 P.2d 1346 (1982). An agency does not have the power to promulgate rules which amend or change legislative enactments and may "fill in the gaps" in legislation only if rules are necessary to effect the general statutory scheme. *Greig*, at 229; *Whidbey Island Manor, Inc. v. Department of Social & Health Servs.*, 56 Wn. App. 245, 252, 783 P.2d 109 (1989). Administrative rules adopted pursuant to a legislative grant of authority are presumed valid and will be upheld on review if they are reasonably consistent with the statute being implemented. *In re Myers*, 105 Wn.2d 257, 264, 714 P.2d 303 (1986). Interpretation of a regulation implementing a statute is a question of law. *Whidbey Island*, at 249.

RCW 49.60.010 provides that practices of discrimination based specifically on race, creed, color, national origin, sex, marital status, age, or handicap are a matter of state concern. The statute recognizes that discrimination threatens not only the rights and proper privileges of all persons, but menaces the institutions and foundation of a free democratic state. RCW 49.60.010.

RCW 49.60.120(3) authorizes the Human Rights Commission "[t]o adopt, promulgate, amend, and rescind suitable rules and regulations . . ." to carry out the provisions of the laws against discrimination. The Commission, therefore, may promulgate rules to prevent discrimination in the workplace on the basis of race, creed, color, national origin, sex, marital status, age or sensory, mental or physical handicap.

---

[2]In light of our holding, we do not reach the issues raised by Sonico concerning the trial court's rulings on the admission of certain evidence and testimony. Nor do we address Mr. Gugin's cross appeal.

■ In promulgating WAC 162-16-060, the Human Rights Commission declared that an employment practice which automatically excludes a person with a prior criminal conviction has the potential for discrimination. Paragraph (3) of the regulation states in part:

> To the extent that an employment practice automatically excludes persons with convictions, it has the potential for discrimination because of race and ethnic origin. See *Carter v. Gallagher*, 451 F.2d 315 (8th Cir. 1971).[3] This is because minority groups in our society have experienced unequal law enforcement. On the *other* hand, an employer should have the right to exclude persons who have been convicted of *certain* offenses from consideration for *certain* kinds of jobs, at least if the conviction is relatively recent and the exclusion is done on a carefully considered basis.

WAC 162-16-070 requires that the protection against discrimination be made applicable to "anyone, in order to afford equal treatment without respect to race."

In *Fahn v. Cowlitz Cy.*, 93 Wn.2d 368, 610 P.2d 857, 621 P.2d 1293 (1980), the Cowlitz County Civil Service Commission had promulgated rules requiring that all applicants for deputy sheriff be at least 5 feet 9 inches tall.[4] Two applicants, who like Mr. Gugin were not members of a statutorily protected class, challenged the height requirement arguing that it violated RCW 49.60.180 and WAC 162-12-140(3)(g). The court recognized that the height and weight inquiry, although neutral on its face, had a disparate impact on a group pro-

---

[3] The correct citation to *Carter v. Gallagher* is 452 F.2d 315 (8th Cir. 1971). In *Carter*, a class of minority plaintiffs challenged the hiring procedures for firefighters in Minneapolis. One item challenged was a provision in the employment application which asked about an applicant's arrest record. The court determined that a conviction should not be an *absolute* bar to employment, but recognized that an applicant's conviction of an aggravated offense or multiple convictions may have a bearing on the suitability of an applicant for an employment position. *Carter*, at 326.

[4] The regulation read:
" 'Each applicant for deputy sheriff must be at least 5'9" in height and weight must be in proportion to height in accordance with LEFF standards.' " *Fahn*, at 370 n.1.

tected by RCW 49.60, namely women and Hispanics. *Fahn*, at 376. The court, however, ruled the regulation invalid, stating

[s]ince [the regulation] prevents preemployment inquiries based on height and weight in virtually all situations, the regulation in effect establishes a new protected class composed of all persons who would be disadvantaged by a height and weight requirement. *In our view, however, the designation of any additional categories of protected persons is clearly a legislative function.*

(Italics ours.) *Fahn*, at 383. The administrative agency's power to promulgate rules did not include the power to legislate. *Fahn*, at 383 (citing *Smith v. Greene*, 86 Wn.2d 363, 371, 545 P.2d 550 (1976)); *Kitsap-Mason Dairymen's Ass'n v. State Tax Comm'n*, 77 Wn.2d 812, 815, 467 P.2d 312 (1970).

Here, as in *Fahn*, an administrative agency has created a new protected class — convicted criminals. That action, however, exceeds the Legislature's grant of authority to the Human Rights Commission. *Fahn*, at 383; *Whidbey Island*, at 252.

Accordingly, WAC 162-16-060 is invalid and the verdict entered in favor of Mr. Gugin must be reversed.

THOMPSON, A.C.J., and MUNSON, J., concur.