[No. 47651–9.  En Banc.  April 22, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
CHARLES DANFORTH, ET AL, *Petitioners.*

*Jeffrey H. Hartje* and *George A. Critchlow* of *University Legal Assistance,* for petitioners.

*Donald C. Brockett, Prosecuting Attorney,* and *Paul E. Smith, Deputy,* for respondent.

BRACHTENBACH, C.J.—This case as appealed presented the issue of whether or not intoxication is a defense to the crime of escape, RCW 9A.76.110. Because we hold that petitioners were improperly charged under the escape statute, we find it unnecessary to resolve this issue. We remand for action in accordance with this opinion.

Petitioners, James Charles Danforth and Jackie Duane Legere, were imprisoned for property related crimes. Admittedly, they are alcoholics. In July 1980, both petitioners were on work release status, residing at the Geiger work release center in Spokane. Seeking employment in conjunction with that program, the petitioners met each other, became intoxicated, and failed to return to the center.

Petitioners are unable to recall their actions between the time they became intoxicated and their waking up the next day in Montana. Two weeks later, petitioners were caught in Kansas and returned to Spokane. Petitioners claim they cannot account for the 2–week period or their actions between the time they left Montana and were caught in Kansas.

The petitioners were returned to Washington and charged with escape in the first degree, pursuant to RCW 9A.76.110. Prior to trial the petitioners, being indigent, sought funds for psychiatric evaluations pursuant to CrR 3.1(f). Petitioners argued that the psychiatric evaluation was necessary to establish their intoxication defense. The trial judge denied the request and subsequently granted the State's motion to exclude all evidence of intoxication. Voluntary intoxication, the judge held, was not a defense to escape.

Petitioners were granted a continuance pending their interlocutory appeal. Division Three of the Court of Appeals then certified the intoxication issue to this court.

Essentially two statutes proscribe petitioners' conduct.

RCW 9A.76.110 is the general escape statute. It provides:

> (1) A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony, he escapes from custody or a detention facility.
>
> (2) Escape in the first degree is a class B felony.

In addition, RCW 72.65.070 makes it a crime to willfully fail to return to a work release program. That statute states:

> Any prisoner approved for placement under a work release plan who wilfully fails to return to the designated place of confinement at the time specified shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced in accordance with the terms of *chapter 9.31 RCW. The provisions of this section shall be incorporated in every work release plan adopted by the department.
>
> *Reviser's note: "chapter 9.31 RCW" was repealed by 1975 1st ex.s. c 260 § 9A.92.010. For later enactment see chapter 9A.76 RCW.

In briefs and oral argument petitioners did not raise the issue of whether they had been properly charged, but the issue was raised by the court after oral argument. In accordance with the terms of Rule of Appellate Procedure 12.1(b), we requested additional briefing.

On the basis of the supplemental briefs, we hold, prospectively, that work release inmates may not be prosecuted under the general escape statute, RCW 9A.76.110.[1]

 General principles of statutory construction dictate this result. First, we have consistently applied the rule that when two statutes are concurrent, the specific statute prevails over the general.

In *State v. Cann,* 92 Wn.2d 193, 197, 595 P.2d 912 (1979), we stated:

---

[1]Other cases involving work release inmates charged under the general escape statute have been before this court and the Court of Appeals. To the extent that language in these cases is inconsistent with our holding today, they are overruled. *See In re Little,* 95 Wn.2d 545, 627 P.2d 543 (1981); *State v. Descoteaux,* 94 Wn.2d 31, 614 P.2d 179 (1980); *State v. Yallup,* 25 Wn. App. 603, 608 P.2d 651 (1980).

The rule is that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general. *State v. Walls,* 81 Wn.2d 618, 503 P.2d 1068 (1972); *State v. Davis,* 48 Wn.2d 513, 294 P.2d 934 (1956); *State v. Becker,* 39 Wn.2d 94, 234 P.2d 897 (1951). 2A C. Sands, *Sutherland's Statutory Construction* § 51.05 (1973).

As these cases hold, where a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute.

This rule is consistent with general principles of statutory construction. *See* 2A C. Sands, *Statutory Construction* § 51.05 (4th ed. 1973).

■■ In the case before us, both statutes are clearly applicable. The general statute, RCW 9A.76.110, forbids escape from work release programs as well as prisons, since the definition of a detention includes a work release facility. RCW 9A.76.010. *State v. Yallup,* 25 Wn. App. 603, 606, 608 P.2d 651 (1980). RCW 72.65.070, on the other hand, deals specifically with escape from work release. RCW 72.65.070, as the more specific statute, thus preempts prosecutions under RCW 9A.76.110 of those defendants whose crime is failure to return to a work release facility.

Second, we are of the opinion that the specific requirement that the defendant's conduct be willful under RCW 72.65.070 recognizes a valid legislative distinction between going over a prison wall and not returning to a specified place of custody. The first situation requires a purposeful act; the second may occur without intent to escape. It is easy to visualize situations where a work release inmate failed to return because of a sudden illness, breakdown of a vehicle, etc. This explains the requirement of willful action.

Finally, this interpretation of the two statutes is necessary to give effect to RCW 72.65.070. RCW 72.65.070 differs significantly from the general escape statute in that the prosecutor must prove the failure to return was willful. Under RCW 9A.76.110, however, a conviction will be sustained if the State demonstrates that the defendant "knew

that his actions would result in leaving confinement without permission." *State v. Descoteaux*, 94 Wn.2d 31, 35, 614 P.2d 179 (1980).

Given the choice, a prosecutor will presumably elect to prosecute under the general escape statute because of its lack of a mental intent requirement. Consequently, the result of allowing prosecution under RCW 9A.76.110 is the complete repeal of RCW 72.65.070. This result is an impermissible potential usurpation of the legislative function by prosecutors.

In summary, sound principles of statutory interpretation and respect for legislative enactments require that we hold that the petitioners were improperly charged under the general escape statute. As no constitutional rights are affected by our decision, we emphasize this rule will apply to only those cases which have yet to be tried. Petitioners, coming before this court on an interlocutory appeal, are thus entitled to the benefit of this holding.

The final question to address is that of the proper penalty under RCW 72.65.070. Prior to the passage of the new criminal code, the previous escape statute RCW 9.31 provided the proper penalty. That section has now been repealed. In the absence of a specific penalty provision the terms of RCW 9.92.010 apply. That section states:

> Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both.

We remand this case to the trial court for action in accordance with this opinion.

ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DORE, and DIM-MICK, JJ., and BEVER, J. Pro Tem., concur.

Reconsideration denied July 8, 1982.