[No. 10604–0–I. Division One. January 31, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD JEAN SHRINER, *Appellant.*

*Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Asa Glazer, Deputy,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

The defendant, Gerald Jean Shriner, appeals his conviction of theft in the first degree.

A person using the name of Gary Kent Roberts rented a new automobile from an automobile rental agency, Airways

Rent–A–Car, in Everett. The defendant was later identified by an agency employee, who had spent some 15 minutes with him during the rental transaction, as being the defendant, Gerald Jean Shriner. The address stated on the application was that of the defendant's mother, and his mother later made two additional rental payments on the automobile to the agency.

Rental on the automobile was paid through May 14, 1979. The automobile was not, however, returned on that date nor could the person who rented it from the agency be located in the Everett area although a search was made for him. Approximately 1 month later, the automobile was located in Nebraska where police had impounded it. The agency then returned it to Everett.

The defendant was charged with theft in the first degree under both the "wrongfully obtain" and "unauthorized control" portions of the theft statute. RCW 9A.56.020(1)(a); RCW 9A.56.030(1)(a). To use the more familiar terminology in use prior to enactment of the new Washington Criminal Code, which became effective in 1976, the defendant was charged with both "larceny by taking" and "embezzlement". When the defendant was ultimately found, a jury trial was held and he was found guilty as charged.[1] Judgment and sentence were entered and this appeal followed.

The defendant's appeal raises one principal issue.

ISSUE

Should the defendant have been charged under the special criminal possession of leased or rented machinery, equipment or motor vehicle statute (RCW 9A.56.095),[2] a

---

[1]The trial court's instructions to the jury permitted the jury to convict if it found that the defendant had committed first degree theft in either of the two ways charged. Nothing in the verdict suggests which of the two types of theft or larceny that the jury found had been committed.

[2]"(1) A person is guilty of criminal possession of leased or rented machinery, equipment or a motor vehicle if the value thereof exceeds one thousand five hundred dollars and if he:

class C felony, instead of under the general first degree theft statutes for wrongfully obtaining or exerting unauthorized control over the rental automobile (RCW 9A.56.010–.030), a class B felony?

## DECISION

CONCLUSION. The charge and conviction of first degree theft were not improper. The general theft statutes and the special leased or rented vehicle statute were not concurrent and, in any event, the discretion vested in the prosecuting attorney to selectively enforce criminal statutes is not unconstitutional unless it is based on unconstitutional standards, which was not the situation here.

The defendant's argument is primarily based on the rule that "where general and special laws are concurrent, the special law applies to the subject matter contemplated by it

---

"(a) After renting machinery, equipment or a motor vehicle under an agreement in writing which provides for the return of said item to a particular place at a particular time, fails to return the item to said place within the time specified, is thereafter served by registered or certified mail addressed to him at his last known place of residence or business with a written demand to return said item within seventy-two hours from the time of the service of such demand, and wilfully neglects to return said item to any place of business of the lessor within five full business days from the date of service of said notice; or

"(b) After leasing machinery, equipment or a motor vehicle under an agreement in writing which provides for periodic rental or lease payments for a period greater than six months duration, fails to pay the lessor of said item the periodic payments when due for a period of ninety days, is thereafter served by registered or certified mail addressed to him at his last known place of residence or business with a written demand to return the item to any place of business of the lessor within seventy-two hours from the time of the service of said demand and wilfully neglects to return said item to any place of business of the lessor within five full business days from the date of service of said notice.

"(2) 'Wilfully neglects' as used in this section means omits, fails or forebears with intent to deprive the owner of or exert unauthorized control over the property, and specifically excludes the failure to return the item because of a bona fide contract dispute with the owner.

"(3) It shall be a defense to any civil action arising out of or involving the arrest or detention of any person who rents or leases machinery, equipment or a motor vehicle that he failed to return the item to any place of business of the lessor within five full business days after receiving written demand therefor.

"Criminal possession of leased or rented machinery, equipment or a motor vehicle is a class C felony." RCW 9A.56.095.

to the exclusion of the general law." *State v. Becker,* 39 Wn.2d 94, 96, 234 P.2d 897 (1951). *Accord, State v. Cann,* 92 Wn.2d 193, 197, 595 P.2d 912 (1979); *State v. Bower,* 28 Wn. App. 704, 710–11, 626 P.2d 39 (1981). It is also the defendant's position that equal protection of the laws was denied him because the prosecuting attorney had the option to seek varying degrees of punishment for the same wrongful act. *Olsen v. Delmore,* 48 Wn.2d 545, 550, 295 P.2d 324 (1956); *State v. Zornes,* 78 Wn.2d 9, 21, 469 P.2d 552, 475 P.2d 109 (1970).

■ There is, however, no violation of equal protection when the prosecuting attorney has the discretion to charge different crimes with different punishments on the basis of a defendant's acts so long as the different crimes have different elements, as here. As held in *State v. Wanrow,* 91 Wn.2d 301, 312–13, 588 P.2d 1320 (1978):

> Petitioner relies on *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956) in which we held that a statute which prescribes different degrees of punishment for the same acts committed under the same circumstances by persons in similar situations violates equal protection.
>
> We have also held, however, that no constitutional defect exists when the crimes which the prosecutor has discretion to charge have different elements. *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965). That is the case here. Although the events giving rise to the prosecution of petitioner may support charges for varying crimes carrying varying punishments, the elements of those crimes are different. Proof of the elements of one does not constitute proof of the elements of another. Nor does it violate petitioner's right to equal protection that the prosecutor may choose to enforce one criminal statute against her and not another. The discretion vested in the prosecutor to selectively enforce criminal statutes is not unconstitutional if not based on unjustifiable standards. *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976).

Also instructive on this point is *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965), cited with approval in *Wanrow.* There the State Supreme Court upheld a conviction for unlawful possession of a narcotic drug, a felony, whereas

wrongful use of a narcotic drug was only a gross misdemeanor, even though the court acknowledged "that often the user of narcotics is also a possessor." *State v. Reid, supra* at 247. As the court there held:

A defendant's constitutional right to equal protection of the laws is not violated by the prosecutor's exercising a discretion in deciding to prosecute or not to prosecute violation of a criminal statute. The fact that this discretion extends to two or more crimes (instead of only one) does not convert this discretion into an unconstitutional delegation of legislative authority, or constitute a denial of the equal protection of the laws, even though the facts to be proven are very similar, and arise from different parts of the same series of actions by the accused defendant.

*State v. Reid, supra* at 248. *Accord, State v. Mundy,* 7 Wn. App. 798, 800–01, 502 P.2d 1226 (1972); *State v. Darrin,* 32 Wn. App. 394, 396–97, 647 P.2d 549 (1982).

The leasing and rental statute here involved has elements which the general theft statutes do not, particularly the one requiring that persons who have rented or leased property must be served by registered or certified mail with a written demand to return said item within 72 hours from the time of service of said demand. RCW 9A.56.095 (see footnote 2). Without *service* of this written demand letter, there is no right to bring a criminal action under the leasing and rental statute.[3]

---

[3]Both the current general first degree theft statute and the special leasing and rental statute apply only where the property taken exceeds $1,500 in value. RCW 9A.56.030(1)(a); RCW 9A.56.095(1).

As noted herein, the present leasing and rental statute is RCW 9A.56.095. Under its immediate predecessor statutes, all that was required by way of notice to establish the right to bring a criminal action was that the rented property not be returned "after the expiration of a reasonable time after a notice in writing proved to have been duly *mailed* by registered or certified mail with return receipt requested addressed to the last known address of the person who rented or leased the motor vehicle, or piece of machinery or equipment". (Italics ours.) RCW 9.54.140, repealed by Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.92.010(157), p. 858 (effective July 1, 1976), replaced by RCW 9A.56.090 (Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.56.090, p. 844), which was identical except that the new statute reduced the required value of the property taken from $2,000 to $1,500. These

■ Furthermore, the two parts of the general theft statute here involved, and the special leasing and rental statute (RCW 9A.56.095), are not "concurrent" in the sense contemplated by the rule that where conduct is proscribed by both a general and special statute, the special statute prevails and an accused can only be charged thereunder. Larceny by taking is aimed at the wrongful taking of property; and embezzlement is aimed at the exerting of unauthorized control over property of another. RCW 9A.56.010–.030. There are areas of overlap between these general theft statutes and the special leasing and rental statute (RCW 9A.56.095; see footnote 2). The gravamen of the leasing and rental statute, however, is the failure of the person who has rented or leased machinery, equipment or a motor vehicle (under a written rental or lease agreement) to comply with a written demand requiring its return after that demand has been *served* on the person who has rented or leased the property, as required by the statute.

■ To hold as the defendant suggests, that is that persons who lease or rent equipment, machinery or motor vehicles having a value of over $1,500 (see footnote 3) and don't return it can only be charged under the special leasing and rental statute, would be illogical and violative of the legislative intent behind the special leasing and rental statute. Since by the terms of the special leasing and rental statute no criminal prosecution can be commenced under it without *service* of the prescribed demand on the person leasing or renting the property, that person could avoid ever being charged with either offense by avoiding receipt of the required certified or registered notice letter.

---

predecessors of the present leasing and rental statute did *not* require *service* of the notice on the person who had leased or rented the property, but presumed an intent to deprive or defraud based on the mailing only.

In *State v. Alcantara*, 87 Wn.2d 393, 552 P.2d 1049 (1976), the State Supreme Court held that the statutory presumption of criminal intent in this predecessor statute did not meet constitutional due process standards. Following that decision, the Legislature promptly replaced the unconstitutional *mailing* statute with the present leasing and rental statute, RCW 9A.56.095 (see footnote 2), requiring *service* of the notice.

The Legislature, in enacting the special leasing and rental statute (RCW 9A.56.095) and the statutes of similar import which preceded it, has demonstrated a clear intent to assist machinery, equipment and motor vehicle leasing and rental agencies with the failure to return property problems uniquely faced by those businesses. That being so, the Legislature cannot reasonably be considered as having intended that such agencies be prohibited from bringing charges under either statute if the person to whom the written demand for return of the property is sent simply evades service of the demand.

The public policy considerations presented to the court in *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982), which the defendant also urges here, and those presented in this case, are entirely different. In *Danforth,* one of the grounds of decision was a public policy consideration. There the court held that since work release prisoners who failed to return would probably always be prosecuted under the more serious general escape statute (which required no proof of a mental intent element), rather than under the special statute relating to nonreturning people on work release programs (which did require proof of a mental intent element), charging under the general statute should be prohibited on public policy grounds. In the situation presented by the case before us, however, the leasing or rental agency has a very strong incentive to follow the special statute prescribing the lesser offense, rather than the more serious first degree theft statute, because of the immunity from false arrest and malicious prosecution actions arising therefrom which is bestowed on the agency by the special statute. RCW 9A.56.095(3) (see footnote 2).

It should be further observed that the special statute is likewise advantageous to the person who leased or rented the property. That statute requires that before any action can be taken under the provisions of that criminal statute, the person who leased or rented the property must first be served with written demand specifically notifying the person to return the property and advising that person of the

consequences of not heeding the demand. The statute also requires that time be given to permit compliance with the demand for the return of the property.

In short, the special leasing and rental statute is designed to help prevent misunderstandings arising over leased or rented property and to head off the possible filing of precipitous and perhaps unwarranted criminal actions; and that is precisely the opposite of the situation dealt with in *Danforth*.[4]

We have reviewed the defendant's remaining assignments of error and conclude that they are not well taken.

■ The trial court gave the Washington pattern instructions on reasonable doubt (WPIC 4.01) and credibility of witnesses (WPIC 6.01), *see* 11 Wash. Prac. 38, 79 (1977). It did not give the identification instruction proposed by the defendant. As to the latter, we conclude here as we did in *State v. Edwards*, 23 Wn. App. 893, 896–97, 600 P.2d 566 (1979) wherein the trial court refused to give a similar instruction:

> Witness credibility is more properly tested by examination and cross–examination, and any weaknesses in eyewitness identification may be exposed by counsel in argument to the jury. *State v. Jordan*, [17 Wn. App. 542, 564 P.2d 340 (1977)]. The general reasonable doubt instruction given by the trial judge enabled Edwards to argue his theory of the case and attack the victims' cred-

---

[4]Even though the issue of whether the defendant was properly charged and was denied his right to equal protection under the law was not raised in the trial court, since it does involve a claimed violation of a constitutional right, we have deemed it appropriate to here consider it. *See* RAP 2.5(a)(3); *Olsen v. Delmore*, 48 Wn.2d 545, 546, 295 P.2d 324 (1956).

We will not go further, however, and consider what the effect might be if the notice prescribed by the special leasing and rental statute, RCW 9A.56.095, was served on the defendant and if he was nevertheless charged under the more serious first degree theft statute, RCW 9A.56.020–.030. The defendant concedes that "[t]he record, in fact, is *silent* on the subject of whether notice was served." Reply Brief of Appellant, at 5. The reason the record is silent is that the defendant did not raise this issue at trial. Since the record is silent on that issue, we decline to speculate on it. *State v. Wicke*, 91 Wn.2d 638, 642–43, 591 P.2d 452 (1979). *See also State v. Williams*, 30 Wn. App. 558, 563–66, 636 P.2d 498 (1981) and authorities therein discussed.

ibility. The trial judge did not err in refusing the proposed instruction.

■■ No objections were taken to the trial court's other instructions to the jury, therefore, they constitute the law of the case. *State v. Robinson,* 92 Wn.2d 357, 359, 597 P.2d 892 (1979); *State v. Parker,* 97 Wn.2d 737, 742, 649 P.2d 637 (1982). Under the facts shown, together with reasonable inferences therefrom, and the trial court's instructions to the jury on the crime of theft in the first degree, the jury as the rational trier of the fact could have found such elements beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980), citing *Jackson v. Virginia,* 443 U.S. 307, 316–20, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *State v. Gerber,* 28 Wn. App. 214, 216, 622 P.2d 888 (1981).

Affirmed.

WILLIAMS and CORBETT, JJ., concur.

Reconsideration denied April 19, 1983.

Review granted by Supreme Court June 17, 1983.