[No. 49585–8.   En Banc.   May 17, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD JEAN SHRINER, *Petitioner.*

*Paris K. Kallas* of *Washington Appellate Defender Association,* for petitioner.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for respondent.

DORE, J.—Gerald Jean Shriner appeals his conviction for first degree theft. This case raises the issue whether the defendant should have been charged under the special criminal possession of a rented motor vehicle statute, RCW 9A.56.095, a class C felony, rather than the general first degree theft statute, RCW 9A.56.010–.030, a class B felony. We hold the defendant should have been charged under the

special statute, and reverse the Court of Appeals. *State v. Shriner*, 33 Wn. App. 800, 658 P.2d 31 (1983).

FACTS

On May 5, 1979, a person identifying himself as Gary Kent Roberts rented a 1979 Ford Mustang from an Everett car rental agency. The rental agent identified Shriner at trial as the person who rented the Mustang under the name Gary Roberts. The address stated on the rental form was that of Shriner's mother, who later made two additional rental payments on the automobile to the agency. A third payment was made by an unidentified person.

Rental on the automobile was paid through May 14, 1979. The automobile was not, however, returned on that date nor could the person who rented it from the agency be located in the Everett area. Approximately 1 month later, the automobile was located in Nebraska where police had impounded it.

The Snohomish County Prosecutor's office subsequently filed an information charging the petitioner with:

> FIRST DEGREE THEFT, committed as follows: That the defendant, on or about the 15th day of May, 1979, did wrongfully obtain and exert unauthorized control over property and services, to–wit: 1979 Ford Mustang, Washington License UFD 860, belonging to Airways Rent–a–Car, of a value exceeding $1,500, with intent to deprive Airways Rent–a–Car, of such property and services; proscribed by RCW 9A.56.030(1)(a), a felony . . .

Clerk's Papers, at 34. The petitioner was found guilty. He now appeals. The Court of Appeals found that the general theft statute and the special criminal possession of a rented motor vehicle statute are not concurrent because the latter has the additional element of demand notice. Without service of this demand letter, there is no right to bring a criminal action under the criminal possession of a rented motor vehicle statute. The Court of Appeals held that, because of the differing elements between the two statutes, defendant was properly convicted.

CONCURRENT STATUTES

The offense of criminal possession of a rented motor vehicle contains three elements: (1) service of written demand, (2) to return a motor vehicle valued at more than $1,500 and (3) willfully neglecting to return the motor vehicle. "Wilfully neglects" is defined as failure to return with intent to deprive the owner of the property or as failure to return with intent to exert unauthorized control over the property.[1]

In contrast, to commit first degree theft, one must wrongfully obtain or exert unauthorized control over another's property valued at over $1,500 with intent to deprive him of such property.[2]

■ ■ It is evident that whenever a person has violated the criminal possession of a rented motor vehicle statute he has also committed theft in the first degree. All of the elements required to be proved for a conviction of first degree

---

[1]The pertinent portion of RCW 9A.56.095 provides:

"(1) A person is guilty of criminal possession of leased or rented machinery, equipment or a motor vehicle if the value thereof exceeds one thousand five hundred dollars and if he:

"(a) After renting machinery, equipment or a motor vehicle under an agreement in writing which provides for the return of said item to a particular place at a particular time, fails to return the item to said place within the time specified, is thereafter served by registered or certified mail addressed to him at his last known place of residence or business with a written demand to return said item within seventy-two hours from the time of the service of such demand, and wilfully neglects to return said item to any place of business of the lessor within five full business days from the date of service of said notice; or . . .

"(2) 'Wilfully neglects' as used in this section means omits, fails or forebears [sic] with intent to deprive the owner of or exert unauthorized control over the property, and specifically excludes the failure to return the item because of a bona fide contract dispute with the owner.

". . .

"Criminal possession of leased or rented machinery, equipment or a motor vehicle is a class C felony."

[2]"Theft," as charged in the present case, means to "wrongfully obtain or exert unauthorized control over the property . . . of another . . . with intent to deprive him of such property . . ." RCW 9A.56.020(1)(a). The degree of the crime depends upon the value of the property; a value over $1,500 is first degree theft, a class B felony. RCW 9A.56.030(1)(a) and (2).

theft are also elements that must be proved for conviction of criminal possession of a rented motor vehicle. We conclude that these statutes are concurrent.

## GENERAL/SPECIAL RULE OF CONSTRUCTION

Our holding that the statutes are concurrent requires us to consider whether the petitioner was properly charged. It is a well established rule of statutory construction that "where a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute." *State v. Cann,* 92 Wn.2d 193, 197, 595 P.2d 912 (1979). It is not relevant that the special statute may contain additional elements not contained in the general statute; *i.e.,* notice. The determining factor is that the statutes are concurrent in the sense that the general statute will be violated in each instance where the special statute has been violated. In *Cann,* we held that solicitation for the purposes of prostitution is chargeable under RCW 9A.88.080, which prohibits conduct advancing prostitution, rather than RCW 9A.28.030, which generally prohibits solicitation to commit a crime.

In *State v. Walls,* 81 Wn.2d 618, 503 P.2d 1068 (1972), petitioner was convicted of grand larceny for paying a cumulative restaurant bill with another person's credit card. Petitioner argued that, since the restaurant was apparently connected with an inn, the "defrauding an innkeeper" statute, which carried a lower penalty, should apply, and that he was, therefore, improperly charged with the higher crime. This court agreed, and remanded the case for a new trial, saying:

> We have previously held that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law. And a related rule holds that where a general statute and a subsequent special law relate to the same subject, the provisions of the special statute must prevail. . . . It is clear that in addition to the larceny statutes in RCW 9.54, the legislature established a special criminal cate-

gory under RCW 9.45.040 for the procurement of food, lodging, accommodations, or credit, by fraud from any hotel, restaurant, boarding house or lodging house. RCW 9.45.040, therefore, is a special law which is applicable to the subject matter contemplated by it to the exclusion of the general larceny statutes.

(Citations omitted.) *Walls,* at 622–23.

The *Walls* case had another factor that makes it similar to the case at bar: the record did not contain sufficient evidence to determine whether the inn in question contained more than 15 rooms, an "element" necessary to charge the defendant under one of the specific statutes. The court held that the defendant was improperly charged under the general theft statute regardless of this fact.

In *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982), the issue was whether a defendant who failed to return to jail while on a work release program could be charged under the general escape statute, or whether he had to be charged under the specific statute prohibiting failure to return to a work release facility. The latter statute carried a lesser penalty and also placed a higher standard on the State on the issue of intent. This court held that only the specific statute could be charged, saying:

> General principles of statutory construction dictate this result. First, we have consistently applied the rule that when two statutes are concurrent, the specific statute prevails over the general.
>
> . . .
>
> This rule is consistent with general principles of statutory construction. *See* 2A C. Sands, *Statutory Construction* § 51.05 (4th ed. 1973).
>
> In the case before us, both statutes are clearly applicable. The general statute, RCW 9A.76.110, forbids escape from work release programs as well as prisons, since the definition of a detention includes a work release facility. RCW 9A.76.010. *State v. Yallup,* 25 Wn. App. 603, 606, 608 P.2d 651 (1980). RCW 72.65.070, on the other hand, deals specifically with escape from work release. RCW 72.65.070, as the more specific statute, thus preempts prosecutions under RCW 9A.76.110 of those defendants whose crime is failure to return to a work release facility.

*Danforth,* at 257–58.

*Danforth* also addressed the question of additional elements required to obtain a conviction under the special escape from work release statute:

> Second, we are of the opinion that the specific requirement that the defendant's conduct be willful under RCW 72.65.070 recognizes a valid legislative distinction between going over a prison wall and not returning to a specified place of custody. The first situation requires a purposeful act; the second may occur without intent to escape. It is easy to visualize situations where a work release inmate failed to return because of a sudden illness, breakdown of a vehicle, etc. This explains the requirement of willful action.
>
> Finally, this interpretation of the two statutes is necessary to give effect to RCW 72.65.070. RCW 72.65.070 differs significantly from the general escape statute in that the prosecutor must prove the failure to return was willful. Under RCW 9A.76.110, however, a conviction will be sustained if the State demonstrates that the defendant "knew that his actions would result in leaving confinement without permission." *State v. Descoteaux,* 94 Wn.2d 31, 35, 614 P.2d 179 (1980).
>
> Given the choice, a prosecutor will presumably elect to prosecute under the general escape statute because of its lack of a mental intent requirement. Consequently, the result of allowing prosecution under RCW 9A.76.110 is the complete repeal of RCW 72.65.070. This result is an impermissible potential usurpation of the legislative function by prosecutors.
>
> In summary, sound principles of statutory interpretation and respect for legislative enactments require that we hold that the petitioners were improperly charged under the general escape statute.

*Danforth,* at 258–59.

The result in *Danforth* was held to be mandated *both* by the special/general rule and by the need to give effect to the special statute. Because the general statute has a lesser mental state element, this court recognized that prosecutors would presumably always elect to charge under it and thus avoid the need to prove the "wilful" element in the special statute. Thus, unless the special statute supersedes the

general, the special statute would effectively be repealed.

The holdings in *Walls* and *Danforth* indicate the irrelevance of additional elements in the special statute. So long as it is not possible to commit the special crime without also committing the general crime, the special supersedes the general.

It is, therefore, irrelevant that the State must additionally prove notice of demand to return the rented motor vehicle to obtain a conviction under the criminal possession of a rented motor vehicle statute.

Furthermore, the creation of a specific statute shows a legislative intent that persons who perform the type of acts to which it is directed (*e.g.,* failure to return a rental car rather than stealing a nonrented car) should be punished under the specific statute or not at all. The Legislature appears to have made a valid distinction between failure to return a rental vehicle and general theft of a nonrented vehicle. The Legislature considers the former less culpable and, in addition, requires the lessor to send demand notice. It is easy to visualize situations where the lessee fails to timely return a rental vehicle because of mere neglect or breakdown of the vehicle. This explains the notice requirement and the lesser penalty. If the car company fails to send the required notice to the defendant, the failure to comply with the statute has no meaning if the defendant can still be prosecuted under another statute carrying a higher penalty.

## CONCLUSION

In summary, sound principles of statutory interpretation and respect for legislative enactments require that the specific statute prevails to the exclusion of the general.

We hold that the defendant was improperly charged and convicted under the first degree theft statute.

We reverse and remand to the trial court for action in accordance with the provisions of this opinion.

WILLIAMS, C.J., and ROSELLINI, UTTER, DIMMICK, and PEARSON, JJ., concur.

584

BRACHTENBACH, J. (concurring in the result)—I agree with the majority's statement that the Legislature considers violation of the rental statute to involve less culpable conduct than that conduct which constitutes a violation of the first degree theft statute. That fact is evidenced by the differing penalties attached to each. While the Legislature may have made a valid distinction in culpability between failure to return a rental vehicle and general theft of a vehicle, it unfortunately did not create a statutory elemental distinction. In both cases the person must commit first degree theft before violating either statute.

In my opinion, the petitioner's conduct was of the type the Legislature envisioned when it passed the first degree theft statute. The petitioner rented the car for only 1 day, utilizing an alias and false identification (an Ohio driver's license in the name Gary Roberts), took the vehicle out of this jurisdiction and abandoned it in Nebraska without making any effort to contact the rental agency. His conduct evidences a clear intent to appropriate the property for his own use with no intention of returning it to its rightful owner.

Unfortunately, the Legislature enacted a statute that requires proof of first degree theft before criminal possession of rental property can be found. Thus, a thief who has the foresight to pay the minimal rental amount to obtain initial possession can abscond with the rental property knowing he will not and cannot be charged with first degree theft—a class B felony.

I do not think that this anomalous result was intended by the Legislature. Nonetheless, because the Legislature chose the language it did, I concur in the result.

In joining the majority's result I too rely on *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982). Unlike the majority, however, I feel that proof of notice of demand is not irrelevant. The fact that RCW 9A.56.095 contains a notice requirement is the principal reason I join the majority's result. To hold otherwise would give the prosecutor the option to proceed against a person who rented a car,

even if the rental agency fails to send the required notice. This would effectively repeal the rental statute. Absent this notice requirement, I am not ready to concede, as is the majority, that the general special rule would lead to the same result. *Cf. State v. Sherman,* 98 Wn.2d 53, 61 n.6, 653 P.2d 612 (1982); *United States v. Batchelder,* 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979). That issue is best left to another day.

DOLLIVER, J., and CUNNINGHAM, J. Pro Tem., concur with BRACHTENBACH, J.