[No. 51747–9.   En Banc.   December 26, 1985.]

*In the Matter of the Personal Restraint of*
ANDREW TAYLOR, *Petitioner.*

*Mitchell A. Riese* of *Evergreen Legal Services,* for petitioner.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

BRACHTENBACH, J.—Petitioner's personal restraint petition raises an equal protection issue. Petitioner was charged with and pleaded guilty to first degree theft. The charge arose from petitioner's receipt of unemployment benefits while in fact employed.

Petitioner's conduct was a violation of RCW 50.36.010

which involves knowingly giving false information or with-holding material information as required by the Employment Security Act, RCW Title 50.[1] That same conduct was a violation of RCW 9A.56.030, the first degree theft statute. Violation of RCW 50.36.010 is a misdemeanor; violation of RCW 9A.56.030 is a felony.

Thus arises petitioner's equal protection argument. Accepting petitioner's version of the facts, it appears that petitioner could have been charged under either statute. If there was unfettered prosecutorial discretion, there would be an equal protection issue. *See State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970).

However, we have long held that there is no equal protection violation when the crimes the prosecutor has the discretion to charge require proof of different elements. *State v. Wanrow,* 91 Wn.2d 301, 312, 588 P.2d 1320 (1978); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965). That is the case here.

To commit the offense defined in RCW 50.36.010, one must "knowingly give any false information or withhold any material information required under the provisions of [the employment compensation statutes]." In contrast, first degree theft, as charged in the present case, requires proof of the following elements: (1) by color or aid of deception,[2]

---

[1]RCW 50.36.010 provides in relevant part:

"It shall be unlawful for any person to knowingly give any false information or withhold any material information required under the provisions of this title. Any person who violates any of the provisions of this title which violation is declared to be unlawful, and for which no contrary provision is made, shall be guilty of a misdemeanor . . ."

[2]This element is defined in RCW 9A.56.010, which provides in relevant part:

"(2) 'By color or aid of deception' means that the deception operated to bring about the obtaining of the property . . .

". . .

"(4) 'Deception' occurs when an actor knowingly:

"(a) Creates or confirms another's false impression which the actor knows to be false; or

"(b) Fails to correct another's impression which the actor previously has created or confirmed; or

(2) obtains control over another's property, (3) valued in excess of $1,500, (4) with the intent to deprive another of such property. RCW 9A.56.020(1)(b); RCW 9A.56.030(1)(a).

It is evident that the second, third, and fourth elements of first degree theft need not be proved to sustain a conviction for violation of RCW 50.36.010. RCW 50.36.010 merely proscribes the knowing giving of false information; it is not necessary that one prosecuted for this offense have actually obtained unemployment benefits of any value. Nor must the State prove the intent to deprive elements of theft. Because these additional elements must be proved when a person is charged with first degree theft, petitioner was not denied equal protection.

Petitioner's argument that RCW 50.36.010 incorporates the elements of RCW 50.20.070 is without merit. RCW 50.20.070 provides in relevant part:

> Irrespective of any other provisions of this title an individual shall be disqualified for benefits for any week with respect to which he has knowingly made a false statement or misrepresentation involving a material fact or knowingly failed to report a material fact and has thereby obtained or attempted to obtain any benefits under the provisions of this title . . .

This statute, unlike RCW 50.36.010, does not impose a criminal penalty for violation of its provisions; it merely provides a basis for disqualifying a claimant from receiving benefits. Although some of the language of the two statutes is similar, this in and of itself does not indicate that the Legislature intended one statute to incorporate the elements of the other. If the language of a statute is clear and plain, we will not read things into it which are not there. *Allen v. Employment Sec. Dep't,* 83 Wn.2d 145, 148, 516 P.2d 1032 (1973). RCW 50.36.010 expressly creates and defines the misdemeanor offense of giving false information. It neither makes reference to nor is in conflict with the disqualification provisions of RCW 50.20.070. Absent a

---

"(c) Prevents another from acquiring information material to the disposition of the property . . ."

clearer indication of legislative intent, we cannot accept petitioner's theory of incorporation.

■ Petitioner argues that where two statutes are concurrent, the special statute prevails over the general. *See, e.g., State v. Shriner,* 101 Wn.2d 576, 580, 681 P.2d 237 (1984); *State v. Danforth,* 97 Wn.2d 255, 257–58, 643 P.2d 882 (1982); *State v. Cann,* 92 Wn.2d 193, 197, 595 P.2d 912 (1979). However, application of this rule of statutory construction is precluded by the express language of RCW 50.36.010, which provides:

> The penalty prescribed in this section shall not be deemed exclusive, but any act which shall constitute a crime under any law of this state may be the basis of prosecution under such law notwithstanding that it may also be the basis for prosecution under this section.

This language clearly indicates that the Legislature did not intend RCW 50.36.010 to preempt prosecution under the theft statutes, RCW 9A.56.

Even without this language, the general/special rule is not applicable in the present case. Petitioner mistakenly characterizes the general theft statute, RCW 9A.56, and the special unemployment compensation statute, RCW 50.36-.010, as concurrent statutes. However, for purposes of the general/special rule, statutes are concurrent if "the general statute will be violated in each instance where the special statute has been violated." *State v. Shriner, supra* at 580. A person who violates RCW 50.36.010 does not necessarily violate the general theft statute because, as previously indicated, the theft statute requires proof of additional elements that need not be proved for a violation of RCW 50.36.010. Thus, the statutes are not concurrent. Petitioner was properly charged under the general theft statute.

In summary, we hold that the decision to charge petitioner with first degree theft instead of a violation of RCW 50.36.010 was not based on the prosecutor's unfettered discretion, but on the ability to prove the additional elements of theft. Under these circumstances, petitioner was not

denied equal protection. The personal restraint petition is denied.

DOLLIVER, C.J., and UTTER, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.