[Nos. 8482–1–II; 9430–4–II;   Division Two.       December 29, 1986.]
     8498–8–II.

THE STATE OF WASHINGTON, *Appellant,* v. CHAD
MORGAN JENDREY, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. RICKY
DEAN HERRIGES, *Respondent.*

THE STATE OF WASHINGTON, *Respondent,* v.
FRANCES HAWS, *Appellant.*

*Henry R. Dunn, Prosecuting Attorney,* and *Bert Paul, Deputy,* for State.

*Stephen J. Garvey,* for appellant Haws (appointed counsel for appeal).

*Stephen M. Warning* and *Guinn, Cotterell & Warning,* for respondent Jendrey (appointed counsel for appeal).

*Patrick L. Brock,* for respondent Herriges (appointed counsel for appeal).

ALEXANDER, J.—These three appeals from the Cowlitz County Superior Court were consolidated by earlier order of this court. The State appeals the trial court's dismissal of second degree theft charges against the defendants Chad Jendrey and Ricky Herriges. Frances Haws appeals her conviction for second degree theft. All of the defendants argue on appeal that (1) they were improperly charged with theft in the second degree under RCW 9A.56.040 because that statute and RCW 9A.56.095 (criminal possession of leased or rented equipment) are concurrent statutes and, therefore, they should have been charged under the special statute, RCW 9A.56.095; (2) they would be denied equal protection of the law if they were convicted of second degree theft rather than criminal possession of leased or rented equipment; (3) the second degree theft statute is unconstitutionally void for vagueness; and (4) the prosecutor is without discretion to charge a defendant with second

degree theft rather than the more specific charge of criminal possession of encumbered, leased, or rented personal property (RCW 9.45.060). We find no merit in any of the defendants' arguments. We therefore reverse the dismissal of the charges against the defendants Herriges and Jendrey and affirm Haws' conviction of second degree theft.

Jendrey and Herriges were both charged with multiple counts of second degree theft of video equipment. Haws was charged with only one count of second degree theft of video equipment. All of the defendants moved to dismiss the charges against them on the ground that they should have been charged only under a special statute relating to the criminal possession of leased or rented equipment. RCW 9A.56.095. For purposes of these motions, the defendants stipulated that in each count, the value of video equipment taken exceeded $250, but was not more than $1,500. One trial judge granted Jendrey's and Herriges' motions to dismiss, and the State appealed. Another trial judge denied Haws' motion. After a bench trial, Haws was found guilty of theft in the second degree and she was sentenced to serve 30 days in the Cowlitz County Jail.

## CONCURRENCY OF STATUTES

The primary issue on appeal is whether RCW 9A.56.040 (theft in the second degree) and RCW 9A.56.095 (criminal possession of leased or rented equipment) are concurrent statutes. The defendants argue that the statutes are concurrent and that, therefore, they should have been charged under the special statute, criminal possession of leased or rented equipment. We disagree.

The defendants correctly point out that when a general and a special statute are concurrent, the special statute applies, and the defendant may only be charged under the special statute, citing *State v. Shriner,* 101 Wn.2d 576, 580, 681 P.2d 237 (1984). Statutes are deemed concurrent if the general statute will be violated in each instance in which the special statute has been violated. *Shriner,* 101 Wn.2d at 580. It is irrelevant that a special statute may contain

additional elements not contained in the general statute. *Shriner*, 101 Wn.2d at 580. Theft in the *first degree*, RCW 9A.56.030, and criminal possession of leased or rented equipment, RCW 9A.56.095, are concurrent statutes. *Shriner*, 101 Wn.2d at 583.

These consolidated cases and the *Shriner* case are easily distinguished. Here, the defendants were charged not with first degree theft, but rather with *second degree* theft. A person is guilty of second degree theft if that person commits theft of property that exceeds $250 in value but does not exceed $1,500 in value. RCW 9A.56.040. Theft of property exceeding $1,500 in value is first degree theft. RCW 9A.56.030. The criminal possession of leased or rented equipment statute, RCW 9A.56.095, applies only in circumstances where the value of the equipment exceeds $1,500.[1] Although, in each instance in which the possession

---

[1] RCW 9A.56.095 provides, in part:

"(1) A person is guilty of .criminal possession of leased or rented machinery, equipment or a motor vehicle if the value thereof exceeds one thousand five hundred dollars and if he:

"(a) After renting machinery, equipment or a motor vehicle under an agreement in writing which provides for the return of said item to a particular place at a particular time, fails to return the item to said place within the time specified, is thereafter served by registered or certified mail addressed to him at his last known place of residence or business with a written demand to return said item within seventy–two hours from the time of the service of such demand, and wilfully neglects to return said item to any place of business of the lessor within five full business days from the date of service of said notice; or

"(b) After leasing machinery, equipment or a motor vehicle under an agreement in writing which provides for periodic rental or lease payments for a period greater than six months duration, fails to pay the lessor of said item the periodic payments when due for a period of ninety days, is thereafter served by registered or certified mail addressed to him at his last known place of residence or business with a written demand to return the item to any place of business of the lessor within seventy–two hours from the time of the service of said demand and wilfully neglects to return said item to any place of business of the lessor within five full business days from the date of service of said notice.

"(2) 'Wilfully neglects' as used in this section means omits, fails or forbears with intent to deprive the owner of or exert unauthorized control over the property, and specifically excludes the failure to return the item because of a bona fide contract dispute with the owner.

"(3) It shall be a defense to any civil action arising out of or involving the arrest or detention of any person who rents or leases machinery, equipment or a

of leased or rented equipment statute is violated, the *first degree* theft statute is violated, the second degree theft statute is not violated because the value of property necessarily would exceed $1,500. The second degree theft and criminal possession of leased or rented equipment statutes, therefore, are not concurrent, and the holding in *Shriner* is inapplicable.

Defendant Herriges makes a separate argument that the *Shriner* holding applies to his case even if the statutes are not concurrent. He contends that the trial court should have aggregated the value of the video equipment described in the two counts of second degree theft with which he was charged.

■ Herriges has not properly raised this issue on appeal because he made no request of the trial court to aggregate the counts. We, therefore, refuse to review this claim of error which Herriges raises for the first time in his appellate brief. RAP 2.5(a). Furthermore, Herriges neither cross-appealed nor assigned error to the trial court's finding of fact, based on the parties' stipulation, that the value of property in each count was less than $1,500. An appellate court will not review matters to which no assignment of error has been made. *State v. Fortun,* 94 Wn.2d 754, 756, 626 P.2d 504 (1980).

#### EQUAL PROTECTION AND SENTENCING

All three defendants argue that the equal protection clauses[2] of the United States and Washington State Consti-

---

motor vehicle that he failed to return the item to any place of business of the lessor within five full business days after receiving written demand therefor.

"Criminal possession of leased or rented machinery, equipment or a motor vehicle is a class C felony."

[2]The fourteenth amendment to the United States Constitution provides, in part: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."

Article 1, section 12 of the Washington State Constitution provides:

"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

tutions protect them against being convicted of second degree theft rather than possession of leased or rented equipment. They point out that they could potentially receive more jail time under the second degree theft statute than under the possession of leased or rented equipment statute pursuant to the sentencing reform act.

Although both second degree theft under RCW 9A.56.040 and possession of leased or rented equipment under RCW 9A.56.095 are class C felonies, theft in the second degree is ranked as a class I seriousness level under RCW 9.94A.320. An offender convicted of second degree theft who has multiple previous convictions could receive up to 29 months in jail under the sentencing grid. RCW 9.94A.310. On the other hand, possession of rented equipment in excess of $1,500 under RCW 9A.56.095 is an unranked felony for the purposes of the sentencing grid. When a sentencing range has not been established for a particular crime, the court "shall impose a determinate sentence which may include not more than one year of confinement, . . ." under RCW 9.94A.120(6).

█ Notwithstanding the potential for disparate treatment, we decline to reach this equal protection argument because the argument is not ripe for review. A defendant has no standing to attack the constitutionality of a statute unless the defendant is harmfully affected by the particular feature of the statute alleged to be unconstitutional. *State v. Lundquist,* 60 Wn.2d 397, 401, 374 P.2d 246 (1962); *State v. Langland,* 42 Wn. App. 287, 292, 711 P.2d 1039 (1985).

Here, the defendants Jendrey and Herriges have not yet been convicted or sentenced. Defendant Haws has been convicted and sentenced, but she received a jail sentence of only 30 days. Therefore, none of the defendants has been harmfully affected by the sentencing guidelines, and they have no standing to make their equal protection arguments.

## DUE PROCESS

The defendants next argue that the second degree theft

statute violates due process[3] because it is void for vagueness. They argue that they did not have fair notice that failing to return rented video equipment might constitute theft in the second degree. This argument is without merit.

■ "A statute is presumed constitutional and the party challenging the constitutionality of a legislative enactment has the burden of proving it is unconstitutionally vague." *State v. Maciolek*, 101 Wn.2d 259, 263, 676 P.2d 996 (1984). The defendant alleging vagueness must prove beyond a reasonable doubt that the statute is unconstitutional. *See Maciolek*, 101 Wn.2d at 263. The statute must provide fair notice of the conduct prohibited so that persons of reasonable understanding are not required to guess at the meaning of the statute. *Maciolek*, 101 Wn.2d at 264. In addition, the statute must contain ascertainable standards for adjudication. *Maciolek*, 101 Wn.2d at 264.

The definition of theft includes:

> To wrongfully obtain or *exert unauthorized control* over the property or services of another or the value thereof, with intent to deprive him of such property or services; . . .

(Italics ours.) RCW 9A.56.020(1)(a).

■ Even though the defendants may have obtained the video equipment lawfully in the first instance, a person "exerts unauthorized control" over property if a person who has possession of property authorized by agreement secretes, withholds, or appropriates the property to his own use or the use of any person other than the true owner. RCW 9A.56.010(7)(b). The defendants were on notice that if they *exerted unauthorized control* over the property, their conduct would amount to theft under RCW 9A.56-.020(1)(a). Furthermore, they were on notice that if the

---

[3]The fourteenth amendment to the United States Constitution provides, in part: "nor shall any state deprive any person of life, liberty, or property, without due process of law; . . .".

Article 1, section 3 of the Washington State Constitution provides:

"No person shall be deprived of life, liberty, or property, without due process of law."

value of the property exceeded $250, but was less than $1,500, then their conduct would amount to the crime of theft in the second degree under RCW 9A.56.040(1)(a). Persons of reasonable understanding would not have to guess at the meaning of theft in the second degree and the standards for adjudication are specific. RCW 9A.56.040 is not unconstitutionally vague.[4]

## PROSECUTORIAL DISCRETION

The defendants all assert, additionally, that the prosecutor should have charged them under RCW 9.45.060, criminal possession of encumbered, leased or rented personal property, instead of second degree theft. They appear to contend that these statutes are also concurrent and therefore *Shriner* would dictate that they be charged under the special statute, RCW 9.45.060. As a companion argument, they contend that the court should not, absent clear legislative authority, permit the State to charge a defendant under a criminal statute carrying a greater penalty when two statutes would apply to the same criminal conduct. Apparently they reason that the legislative intent as to whether conduct such as we have here constitutes second degree theft or criminal possession of encumbered, leased, or rented personal property under RCW 9.45.060 is ambiguous. Thus, they argue that the prosecutor should have charged them with RCW 9.45.060, because that statute carries a lesser penalty.[5]

Both arguments are defeated by the plain language of RCW 9.45.060. That statute provides, in part:

---

[4]The court in *Seattle v. Shepherd,* 93 Wn.2d 861, 613 P.2d 1158 (1980) rejected a similar argument that a Seattle theft ordinance was unconstitutionally vague as applied to the defendants. The court held that the ordinance was not unconstitutionally vague as applied to pawn shop operators who had first obtained property lawfully in pawn transactions, but refused to return the property to the legal owners after learning that the pawned property had been stolen. *Shepherd,* 93 Wn.2d at 863–67.

[5]Second degree theft is a class C felony. RCW 9A.56.040(2). However, criminal possession of encumbered, leased, or rented personal property is a gross misdemeanor. RCW 9.45.060.

> Every person being in possession thereof, who shall sell, . . . convert to his own use, . . . any personal property or any part thereof, upon which a security agreement, . . . exists, with intent to hinder, delay, or defraud the secured party of such security agreement, . . . shall be guilty of a gross misdemeanor.
>
> . . .
>
> The provisions of this section *shall be cumulative and nonexclusive* and shall not affect any other criminal provision.

(Italics ours.)

A reading of the statute discloses that the Legislature unambiguously intended this statute to be "cumulative and nonexclusive." That being the case, we need not engage in an analysis of whether this statute is concurrent to the second degree theft statute because the prosecutor is not precluded from charging a defendant under either statute.

Finally, the defendants suggest that the equal protection clauses of the fifth and fourteenth amendments to the United States Constitution, and article 1, section 12 of the Washington State Constitution, which require similar treatment for similar conduct, dictate that they be charged with the offense carrying the lesser penalty. We conclude that the prosecutor did not infringe equal protection rights of the defendants because the statutes contain different elements.

RCW 9.45.060, unlike the second degree theft statute, RCW 9A.56.040(1)(a), does not refer to the value of property. In addition, the intent requirements of the two statutes differ. The intent required in RCW 9.45.060 is to "hinder, delay, or defraud", whereas the intent required for second degree theft is to "deprive him of such property". *See* RCW 9A.56.020(1)(a). When proof of different elements is required for separate crimes, the prosecutor has discretion to charge separate crimes with different punishments without violating equal protection. *State v. Darrin,* 32 Wn. App. 394, 397, 647 P.2d 549 (1982).

We reverse the dismissal of Jendrey and Herriges and

remand for trial. We affirm the conviction and sentence of defendant Haws.

REED, A.C.J., and PETRICH, J., concur.

Review denied by Supreme Court March 31, 1987.