[No. 22535-6-III. Division Three. April 12, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON D. HEFFNER, *Appellant*.

---

*Paul J. Wasson II*, for appellant.

*John D. Knodell, Prosecuting Attorney*, and *Stephen P. Scott* and *Teresa J. Chen, Deputies*, for respondent.

¶1 SCHULTHEIS, J. — Intent on generating tips, a casino card dealer manipulated cards to create winning hands for

his customers. On appeal of his conviction for first degree theft, he claims: (1) error in the denial of his motion to amend the information to a charge under the cheating statute, (2) wrongful denial of his motion for the appointment of an expert witness at public expense, and (3) insufficient evidence. We reject each of his contentions and affirm.

## FACTS

¶2 Management at the El Papagayo Casino, a state licensed gambling establishment in Moses Lake, Washington, contacted the Washington State Gambling Commission about suspected theft by one of its dealers. Over a two-week period, one of the games was steadily losing money. A gambling commission agent reviewed surveillance tapes for the period between July 7 and 13, 2000, and observed irregularities in the play of one dealer, Jason Dean Heffner. Mr. Heffner was seen rearranging discarded cards and manipulating the deck while shuffling to provide players deuce-rich hands at his "deuces wild" table. Clerk's Papers at 296-97.

¶3 Mr. Heffner was arrested on July 17 and made a post-*Miranda*[1] confession. He admitted manipulating cards to create winning hands for the customers in order to make them happy and generate tips because he needed money as his wife was expecting their second child. He admitted dealing manipulated hands to two $5,000 bonus hand winners, receiving a $500 tip from one and a $100 tip from the other. One casino patron overheard Mr. Heffner complain that a woman tipped him only $100 after he let her win. A casino co-worker said that while visiting Mr. Heffner in his home, Mr. Heffner demonstrated how he manipulated the deuces when dealing.

¶4 Mr. Heffner moved for an order amending the theft charge to cheating. He claimed that first degree theft and cheating were concurrent statutes, and he was entitled to

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

be charged under the special statute of cheating. The trial court found the statutes were not concurrent and denied the motion.

¶5 The State prepared spreadsheets for trial showing each card dealt by Mr. Heffner. It then provided the spreadsheets to a statistical expert to demonstrate the mathematical improbability that the number of deuces dealt on Mr. Heffner's shifts were random. The State moved to add the statistical expert to its witness list. Mr. Heffner objected because the witness list deadline had passed. The defense moved for the appointment of an expert at public expense. The State argued the request lacked particularity; the defense had not offered the name of an expert or a cost estimate. Further, the State argued, the actual statistical calculations were expected to be simple. The court allowed the State to supplement the witness list. It denied the defense motion for an expert at public expense.

¶6 Mr. Heffner was found guilty in a stipulated facts trial on October 10, 2003. He appeals.

ANALYSIS

a. Motion to Amend

¶7 Generally we review decisions on whether to amend a criminal charge liberally for an abuse of discretion. *State v. Schaffer*, 120 Wn.2d 616, 621-22, 845 P.2d 281 (1993); *State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992). However, Mr. Heffner presents his challenge as one under the "special statute rule," a statutory construction rule. *State v. Danforth*, 97 Wn.2d 255, 257-59, 643 P.2d 882 (1982); *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984). We review issues involving statutory construction de novo. *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004), *cert. denied*, 125 S. Ct. 1662 (2005); *see Shriner*, 101 Wn.2d at 580-83.

¶8 Mr. Heffner contends cheating is a special statute that should have been charged instead of first degree theft.

When a special statute is concurrent with a general statute, the accused must be charged solely under the special statute. *Shriner*, 101 Wn.2d at 581. In order for statutes to be concurrent, each violation of the special statute must result in a violation of the general statute. *Id.* at 580. In order to determine whether two statutes are concurrent, we examine the elements of each statute to determine whether a person can violate the special statute without necessarily violating the general statute. *State v. Karp*, 69 Wn. App. 369, 372, 848 P.2d 1304 (1993).

¶9 First degree theft as charged in this case requires proof that the accused, by color or aid of deception, obtained control over another's property valued at more than $1,500, with the intent to deprive the person of the property. RCW 9A.56.020(1)(b), .030; *In re Pers. Restraint of Taylor*, 105 Wn.2d 67, 68-69, 711 P.2d 345 (1985); 11A WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 70.02 (2d ed. 1994) (WPIC). The crime of cheating, as the statute existed when the offense was alleged to have been committed, makes the following activities while gambling a gross misdemeanor:

> (1) Employ or attempt to employ any device, scheme, or artifice to defraud any other participant or any operator;
>
> (2) Engage in any act, practice, or course of operation as would operate as a fraud or deceit upon any other participant or any operator;
>
> (3) Engage in any act, practice, or course of operation while participating in a gambling activity with the intent of cheating any other participant or the operator to gain an advantage in the game over the other participant or operator; or
>
> (4) Cause, aid, abet, or conspire with another person to cause any other person to violate subsections (1) through (3) of this section.

Former RCW 9.46.196 (LAWS OF 1991, ch. 261, § 8).

¶10 When committing a cheating offense, one would not necessarily violate the first degree theft statute because first degree theft requires that a minimum of $1,500 be involved. Because the two statutes here are not concurrent,

they are not considered specific or general of each other. *State v. Datin*, 45 Wn. App. 844, 845-46, 729 P.2d 61 (1986). Therefore, the crime was not improperly charged.

### b. Appointment of Expert at Public Expense

■ ■ ¶11 The accused has a constitutional right to present material and relevant testimony in his defense to criminal charges. *State v. Atsbeha*, 96 Wn. App. 654, 981 P.2d 883 (1999), *rev'd on other grounds*, 142 Wn.2d 904, 16 P.3d 626 (2001). He also has a constitutional right to the assistance of an expert as provided for in CrR 3.1. *State v. Mines*, 35 Wn. App. 932, 935, 671 P.2d 273 (1983). "Upon finding the services [of an expert] are necessary and that the defendant is financially unable to obtain them, the court, or a person or agency to whom the administration of the program may have been delegated by local court rule, shall authorize the services." CrR 3.1(f)(2). The Washington Supreme Court has held that the appointment of an expert at public expense is required under this rule only when necessary to an adequate defense. *State v. Young*, 125 Wn.2d 688, 692, 888 P.2d 142 (1995).

■ ■ ¶12 The determination of whether expert services are necessary for an indigent defendant's adequate defense is within the trial court's discretion. *State v. Hermanson*, 65 Wn. App. 450, 452-53, 829 P.2d 193 (1992). Such a decision will not be overturned on review without a clear showing of substantial prejudice. *Young*, 125 Wn.2d at 691 (citing *Mines*, 35 Wn. App. at 935). Here, the court denied the motion because Mr. Heffner did not identify the expert witness he wished to present or the cost of the services, and he could not state with any specificity why an expert was needed. These were tenable reasons for the denial of the request. Mr. Heffner argues that regardless of these reasons, it was an abuse of discretion to deny an expert to the defense for the sole reason that the State was to present one. But he fails to identify the aspect of the evidence an expert was needed to rebut. The mere fact that the evidence

involved arithmetic does not require that an expert present or rebut the calculations. Moreover, Mr. Heffner does not claim there was any likelihood that an expert would have materially assisted defense counsel in the preparation or presentation of his case.

¶13 Mr. Heffner presented no facts to support his request on the trial level or his claim of error on appeal. The record shows no prejudice to his defense. The court did not abuse its discretion when it denied Mr. Heffner's request for an expert at public expense.

### c. Sufficiency of Evidence/Findings

■ ¶14 Evidence is sufficient to support a conviction if, taken in the light most favorable to the State, it allows any rational trier of fact to find the essential elements of the case beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We draw all reasonable inferences in a sufficiency challenge in favor of the State and interpret them most strongly against the defendant. *Id.* A claim of insufficiency admits the truth of the State's evidence. *Id.*

■ ¶15 As previously noted, the crime of first degree theft as charged here requires proof that the accused, by color or aid of deception, obtained control over another's property valued at more than $1,500, with the intent to deprive the person of the property. RCW 9A.56.020(1)(b), .030; *Taylor*, 105 Wn.2d at 68-69; WPIC 70.02. Here, Mr. Heffner obtained control over the casino's money by deception, through sleight of hand, when he dealt manipulated deuce-rich hands through which he intended to deprive the casino of its money by giving the money to the players as winnings, including two players to whom he dealt manipulated hands worth $5,000 each. The evidence is sufficient.

■ ¶16 In criminal cases tried to the court without a jury, the court must enter written findings of fact and conclusions of law. CrR 6.1(d). Following a bench trial, the findings of fact and conclusions of law must address each

element of the crime separately, and each conclusion of law must be supported by a factual basis. *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003) (citing *State v. Head*, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998)). The findings must expressly indicate that an element has been met. *Banks*, 149 Wn.2d at 43 (citing *State v. Alvarez*, 128 Wn.2d 1, 19, 904 P.2d 754 (1995)). Here, the trial court neither supported the elements of the crime with a factual basis nor stated that elements were met.

¶17 Insufficiency of findings of fact and conclusions of law from a bench trial is subject to a harmless error analysis. *Banks*, 149 Wn.2d at 43. In so doing, we determine " ' "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." ' " *Id.* at 44 (quoting *State v. Brown*, 147 Wn.2d 330, 341, 58 P.3d 889 (2002) (quoting *Neder v. United States*, 527 U.S. 1, 15, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999))). The test is whether " 'there is a reasonable probability that the outcome of the trial would have been different had the error not occurred. . . . A reasonable probability exists when confidence in the outcome of the trial is undermined.' " *Banks*, 149 Wn.2d at 44 (quoting *State v. Powell*, 126 Wn.2d 244, 267, 893 P.2d 615 (1995)). Here, the parties stipulated to 30 paragraphs of facts that fill five single-spaced pages. There are sufficient facts to support the elements and there is no doubt that every element was met.

## CONCLUSION

¶18 Mr. Heffner was not wrongfully charged with theft rather than under the cheating statute. He has not clearly shown he was substantially prejudiced by the trial court's denial of the appointment of an expert witness at public expense. Finally, the evidence is sufficient to support the conviction. Although the findings of fact and conclusions of law do not meet the formalities required, the deficiencies

are harmless here. Accordingly, Mr. Heffner's conviction for first degree theft is affirmed.

KATO, C.J., and BROWN, J., concur.