

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE       NOV 1 0 2016
Madsen, C.J.
CHIEF JUSTICE

This opinion was filed for record

at 8:00 am  on Nov 10, 2016

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 92775-8 |
| Petitioner, | |
| v. | EN BANC |
| MIGUEL ANGEL ALBARRAN, | |
| Respondent. | Filed   NOV 1 0 2016 |

GORDON McCLOUD, J.—A jury found Miguel Albarran guilty of several crimes, including second degree rape of a child (in violation of RCW 9A.44.076) and second degree rape (in violation of RCW 9A.44.050(1)(b)), based on a single act. At sentencing, the parties and the trial court all agreed that the rape and child rape convictions violated double jeopardy protections. U.S. CONST. amend. V; WASH. CONST. art. I, § 9. The remedy for a double jeopardy violation is vacation of the conviction for the lesser offense; here, the trial court concluded that the lesser offense was second degree child rape and vacated that conviction.

Albarran appealed because the enhanced second degree rape carried a mandatory sentence of 25 years, while the vacated conviction did not. Albarran argued that a different and more important violation occurred in this case: a violation of the so-called "general-specific rule." *State v. Albarran*, No. 46162-5-II, slip op. at 17 (Wash. Ct. App. Dec. 1, 2015) (unpublished), www.courts.wa.gov/opinions/pdf/D2%2046162-5-II%20Unpublished%20Opinion.pdf. The remedy for a violation of the "general-specific" rule is vacation of the conviction for the "general" offense; Albarran contends that the more general offense in this case is second degree rape. The Court of Appeals agreed with Albarran, vacated the conviction for second degree rape, reinstated the conviction for second degree rape of a child, and remanded for resentencing. *Id.* at 17-21.

We granted the State's petition for review and now reverse. *State v. Albarran*, 185 Wn.2d 1025, 377 P.3d 722 (2016).

## FACTS

Albarran began dating T.P.'s mother in 2010 and moved into the home she shared with T.P. in July 2012. T.P.'s mother testified that on the morning of April 1, 2013, she was walking past T.P.'s room on her way to the laundry room when she noticed Albarran on T.P.'s bed with his face near her vagina. She immediately began shouting at Albarran, asking him what he was doing to her 13-year-old daughter. The shouting woke T.P. T.P. testified that she had no recollection of what occurred

while she was sleeping. DNA (deoxyribonucleic acid) swabs taken from T.P.'s underwear and leg matched Albarran's semen and saliva.

Albarran denied any wrongdoing. He testified that he was in T.P.'s room only because he saw that she had kicked her blanket onto the floor and he was in the process of covering her back up when T.P.'s mother walked by. As for the presence of his semen and saliva on T.P., Albarran speculated that T.P.'s mother had intentionally transferred his DNA onto T.P.'s leg and underwear using a vibrator that she and Albarran used during intercourse in an attempt to frame him for rape as revenge for his many sexual affairs.

Because T.P. was 13 and asleep during the rape, the State charged Albarran with both second degree child rape (RCW 9A.44.076) and second degree rape of a person incapable of consent due to physical helplessness or mental incapacity (RCW 9A.44.050(1)(b)). With respect to the second degree rape charge, the State also charged the special aggravating factor that the rape involved a victim under age 15 (RCW 9.94A.837). This aggravating factor carried a mandatory minimum term of 25 years in this case. The State also charged two other aggravating factors on each count. Those other aggravating factors did not carry a mandatory minimum term at all but allowed the sentencing court to impose an exceptional minimum term above the guidelines in its discretion.

*Procedural History*

Prior to trial, Albarran moved to dismiss the second degree rape charge on double jeopardy grounds. He renewed the motion at trial. The State agreed with Albarran that the double jeopardy clause bars conviction for both crimes but argued that Albarran's motion was premature because he had not yet been convicted. The trial court denied Albarran's motion and instructed the jury on all charges. The jury found Albarran guilty as charged.

At sentencing, Albarran raised the double jeopardy motion again. The State conceded that under this court's decision in *State v. Hughes*, 166 Wn.2d 675, 684-86, 212 P.3d 558 (2009), the simultaneous convictions of second degree rape and second degree child rape for a single act violated double jeopardy clause protections. Accordingly, it argued that the trial court should apply the remedy required for double jeopardy violations: vacation of the conviction that carries the lesser sentence. The parties agreed that, here, the lesser sentence attached to the second degree child rape conviction.

But Albarran also argued that the simultaneous rape and child rape convictions violated a different legal doctrine—the "'general-specific' rule." Clerk's Papers (CP) at 42 (quoting *State v. Conte*, 159 Wn.2d 797, 803-04, 154 P.3d 194 (2007); *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984)). This rule provides that "'where a special statute punishes the same conduct which is [also]

4

punished under a general statute, the special statute applies and the accused can be charged only under that statute.'" *Shriner*, 101 Wn.2d at 580 (quoting *State v. Cann*, 92 Wn.2d 193, 197, 595 P.2d 912 (1979)). This rule applies only where two statutes are "concurrent"—that is, where "the general statute will be violated in each instance where the special statute has been violated." *Id.* The purpose of the general-specific rule is to preserve the legislature's intent to penalize specific conduct in a particular, less onerous way[1] and hence to minimize sentence disparities resulting from unfettered prosecutorial discretion. *Id.* at 581-83. Albarran argued that second degree child rape is the more specific crime, relative to second degree rape predicated on the victim's mental or physical helplessness, and that the proper remedy was therefore vacation of his conviction for the latter (more general) crime.

The trial court agreed with the State and vacated the second degree child rape conviction. It refused to apply the general-specific rule and concluded that the other, more typical, double jeopardy remedy applied. It added that even if the general-specific rule did apply, it was unclear whether child rape would qualify as the more

---

[1] We have never applied the rule to bar prosecution under a more lenient "general" statute. *E.g.*, *Shriner*, 101 Wn.2d at 580; *State v. Danforth*, 97 Wn.2d 255, 257-58, 643 P.2d 882 (1982); *State v. Walls*, 81 Wn.2d 618, 622, 503 P.2d 1068 (1972). Courts in other jurisdictions have adopted rules equivalent to Washington's general-specific rule, *e.g.*, *Commonwealth v. Lussi*, 562 Pa. 621, 626, 757 A.2d 361 (2000); *People v. Jenkins*, 28 Cal. 3d 494, 501-05, 170 Cal. Rptr. 1, 620 P.2d 587 (1980); and at least one has held that the general-specific rule does not bar the prosecutor from seeking a *less* severe penalty under more general statutes, *Mitchell v. Superior Court*, 49 Cal. 3d 1230, 1249-50, 783 P.2d 731, 265 Cal. Rptr. 144 (1989); RCW 9.94A.421 (general-specific rule does not bar prosecutors from electing to charge under more general, but also more lenient, statute).

specific crime because the crime of second degree rape of a person who was under age 15 and also incapable of consent due to physical helplessness or mental incapacity encompassed more elements than does second degree child rape.

Division Two of the Court of Appeals reversed under the general-specific rule and remanded for resentencing. *Albarran*, slip op. at 17-21. We granted the State's petition for review. *Albarran*, 185 Wn.2d 1025.

## ANALYSIS

As noted above, the parties agree that Albarran's convictions for both second degree rape and second degree rape of a child violate double jeopardy protections. That result is compelled by this court's decision in *Hughes*. 166 Wn.2d at 681-86. The remedy for a violation of double jeopardy protections is to vacate the "lesser" offense—meaning either the offense that forms part of the proof of the other (greater) offense or the offense that triggers the lesser sentence. *State v. Weber*, 159 Wn.2d 252, 266-69, 149 P.3d 646 (2006). The rationale for this remedy is the presumption that the legislature does not intend a defendant to benefit (get a lighter sentence) from committing more crimes. *Id.* at 267.

As this court recognized in *Hughes*, with respect to second degree rape and second degree child rape, "it is not apparent from the code alone which conviction

6

is the lesser offense." 166 Wn.2d at 686 n.13.[2] Thus, with respect to this particular

double jeopardy violation (convictions for second degree rape and second degree

child rape arising from the same act), the "lesser" conviction must be identified on

a case-by-case basis. *Id.* Here, however, the parties agree that Albarran's conviction

for second degree child rape triggered the lesser sentence and is therefore the offense

that would normally be vacated to remedy a double jeopardy violation.[3]

---

[2] This is because these two crimes carry the same mandatory maximum and, absent any special allegation, trigger the same mandatory minimum sentence as well. RCW 9.94A.507(3)(b) (for second degree rape and second degree rape of a child, the court shall impose a maximum and minimum term, with the maximum term equal to the statutory maximum); RCW 9A.20.021 (statutory maximum for class A felony committed after July 1, 1984, is life imprisonment); RCW 9A.44.076(2) (rape of a child in the second degree is class A felony), .050(2) (rape in the second degree is class A felony); RCW 9.94A.515 (second degree rape and second degree rape of a child both included in "seriousness level" XI), .510 (seriousness level XI crime carries standard range sentence of 78-102 months for defendant with offender score of zero), .507(3)(c)(i) (absent any special finding, the minimum term imposed for a second degree rape or second degree child rape conviction "shall be either within the standard sentence range for the offense, or outside the standard range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence").

[3] This is apparently because, on the second degree rape count, the State alleged and the jury found the special aggravating circumstance that the victim was under 15 years old—which triggered a mandatory minimum sentence of 25 years on that count—but there was no equivalent special allegation with respect to the second degree child rape charge. CP at 51 (Felony J. & Sentence) (citing RCW 9.94A.507(3)(c)(ii)), 21-22 (Third Am. Info.). The trial court agreed with the parties and ruled that the second degree child rape charge carried the lesser sentence, but it did so without considering the aggravating factors that the jury found with respect to that charge. *See supra* note 1. The trial court's ruling is questionable to the extent that it ignored these factors, but because the parties have neither challenged that ruling nor briefed this issue, we decline to address it here. We therefore accept the trial court's ruling that the second degree child rape charge carried the lesser sentence in this case.

But Albarran nevertheless argues for vacating his second degree rape conviction instead. He contends that the double jeopardy rule is superseded by the general-specific rule—which requires that we vacate the conviction for the more general crime—and he argues that the more general crime here is second degree rape. In other words, Albarran argues that RCW 9A.44.050(1)(b) (second degree rape predicated on the victim's mental or physical incapacity) and RCW 9A.44.076(1) (second degree rape of a child) are "concurrent statutes" triggering the general-specific rule because the rape of a child is always a rape predicated on the victim's mental or physical incapacity.

As support for this theory, Albarran relies exclusively on *Hughes*. 166 Wn.2d 675. He acknowledges that *Hughes* did not address the general-specific rule at all and that its holding was limited to the double jeopardy context, but he nevertheless argues that its reasoning supports his position. Specifically, Albarran cites portions of the *Hughes* opinion stating that proving the victim's youth relative to the perpetrator, per the child rape statute, and proving the victim's mental or physical helplessness, per the second degree rape statute, are just two different ways of proving the nonconsent element of second degree rape. *See* Resp't's Suppl. Br. at 10-11 (citing *Hughes*, 166 Wn.2d at 684). He contends that this makes the two statutes "concurrent" and therefore triggers the general-specific rule. *Id.* at 11.

This argument fails because it confuses the double jeopardy analysis with the analysis required by the general-specific doctrine. But these analyses are not the same.

The double jeopardy analysis is designed to determine whether the legislature intended *multiple* punishments for different crimes arising from the same act. *Hughes*, 166 Wn.2d at 683-84. The general-specific rule, by contrast, is designed to determine whether the legislature intended to limit prosecutorial charging discretion, impliedly barring a prosecution for a general offense whenever the alleged criminal conduct meets the elements of a more specific crime. *Shriner*, 101 Wn.2d at 580-83 (citing *State v. Walls*, 81 Wn.2d 618, 622-23, 503 P.2d 1068 (1072); *State v. Danforth*, 97 Wn.2d 255, 257-59, 643 P.2d 882 (1982)). *Hughes* held that the legislature intended "to preclude multiple punishments for the crimes of rape and rape of a child arising out of one act." 166 Wn.2d at 684. It said nothing about the legislature's intent to bar second degree rape prosecutions whenever the victim is between 12 and 14 years old, not married to the perpetrator, and at least 36 months younger than the perpetrator (the elements of second degree rape of a child, RCW 9A.44.076).

In fact, there is clear evidence of legislative intent to the contrary. The legislature has expressly authorized the prosecution of second degree rape crimes in

cases where the victim is under age 15, i.e., where the victim is a child, by enacting RCW 9.94A.837(1). That statute provides:

> In a prosecution for rape in the first degree, *rape in the second degree,* indecent liberties by forcible compulsion, or kidnapping in the first degree with sexual motivation, *the prosecuting attorney shall file a special allegation that the victim of the offense was under fifteen years of age* at the time of the offense whenever sufficient admissible evidence exists, which, when considered with the most plausible, reasonably foreseeable defense that could be raised under the evidence, would justify a finding by a reasonable and objective fact finder that the victim was under fifteen years of age at the time of the offense, unless the prosecuting attorney determines, after consulting with a victim, that filing a special allegation under this section is likely to interfere with the ability to obtain a conviction.

RCW 9.94A.837(1) (emphasis added). That special enhancement for victims under age 15 imposes a mandatory minimum sentence of 25 years. RCW 9.94A.507(3)(c)(ii). This enhancement is unambiguous evidence that the legislature did not intend for child rape statutes to supplant second degree rape statutes or limit the punishments available to those who rape children. On the contrary, the enhancement shows that the legislature meant to give prosecutors the power to charge rape of victims under age 15 as second degree rape, and to increase the punishments available for that crime. Albarran disputes the significance of this enhancement, arguing that the legislature could have intended for it to apply only to the other means of committing second degree rape that do not involve rape of a person incapable of consent (e.g., rape by forcible compulsion).

But there is no such limiting language in the statute. The enhancement instead states that it applies to prosecutions for "rape in the second degree." We therefore interpret this enhancement as applying to any second degree rape prosecution. *Henne v. City of Yakima*, 182 Wn.2d 447, 453, 341 P.3d 284 (2015) ("Where the plain language of a statute is unambiguous and 'the legislative intent is apparent, . . . we will not construe the statute otherwise.'" (alteration in original) (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003))).

This interpretation is further buttressed by the fact that the enhancement was enacted in the same bill enacting another enhancement for victims with diminished capacities. LAWS OF 2006, ch. 122, § 3. In that statute, the legislature expressly limited the application of the diminished capacity enhancement to certain prosecutions for second degree rape. That statute provides:

> In a prosecution for rape in the first degree, <u>rape in the second degree</u> ***with forcible compulsion***, indecent liberties with forcible compulsion, or kidnapping in the first degree with sexual motivation, the prosecuting attorney shall file a special allegation that the victim of the offense was, at the time of the offense, developmentally disabled, mentally disordered, or a frail elder or vulnerable adult, whenever sufficient admissible evidence exists, which, when considered with the most plausible, reasonably foreseeable defense that could be raised under the evidence, would justify a finding by a reasonable and objective fact finder that the victim was, at the time of the offense, developmentally disabled, mentally disordered, or a frail elder or vulnerable adult, unless the prosecuting attorney determines, after consulting with a victim, that filing a special allegation under this section is likely to interfere with the ability to obtain a conviction.

11

RCW 9.94A.838(1) (emphasis added). Given the absence of similar limiting language under RCW 9.94A.837(1), the legislature must have intended that the special child enhancement apply to *all* second degree rape prosecutions without exception and that prosecutors therefore have the authority to prosecute under either child rape or second degree rape statutes when the elements of each crime are met. Thus, equating the double jeopardy analysis with the concurrency analysis conflicts with the purpose of each: determining whether the legislature intended multiple *punishments* (or not) and determining whether the legislature intended multiple *prosecutions* (or not).

## CONCLUSION

The general-specific rule is a means of answering the question, Did the legislature intend to give the prosecutor discretion to charge a more serious crime when the conduct at issue is fully described by a statute defining a less serious crime? But here we have a much more direct answer to that question: in RCW 9.94A.837(1), the legislature explicitly stated that RCW 9A.44.050(1)(b) (second degree rape predicated on the victim's mental or physical incapacity) can be charged where the complainant is a child. That means that it can be charged in the same circumstances where RCW 9A.44.076 (second degree rape of a child) is charged. The Court of Appeals erred by concluding otherwise. We therefore reverse the Court of Appeals and remand to the trial court to reinstate the judgment and sentence.

_____ Gerald McCloud, J.

WE CONCUR:

_____ Madsen, C.J.

_____ Johnson, J.

_____ Owens, J.

_____ Fairhurst, J.

_____ Stephens, J.

_____ Wiggins, J.

_____ González, J.

_____ Yu, J.