**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53881-4-II |
| Respondent, | |
| v. | |
| ISAIAH WILLIAM NEWTON, JR., | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Isaiah William Newton Jr. and Nekisha Richardson fought outside BJ's Bingo casino in Fife, Washington. Richardson yelled at Newton, and Newton pushed Richardson down and then dragged her across the ground by her purse strap. Newton was convicted of attempted second degree robbery and fourth degree assault, each with a domestic violence finding.

Newton appeals, arguing that because the State relied on the same physical conduct to convict Newton of attempted second degree robbery and fourth degree assault, the convictions violate double jeopardy. The State concedes that the fourth degree assault conviction should be vacated. Newton also argues that the trial court improperly relied on out-of-court statements Richardson made on the night of the incident because she did not testify at trial and admission of her statements violated the confrontation clause.

We accept the State's concession that Newton's convictions violate double jeopardy, but we hold that Newton failed to preserve his confrontation clause claim for appeal. Accordingly, we affirm Newton's attempted second degree robbery conviction but reverse his conviction for fourth degree assault and remand for the trial court to vacate that conviction and resentence Newton.

FACTS

Newton went to BJ's Bingo casino to talk to Richardson, who was his fiancé. When the two met outside of the casino, they began to argue. Richardson scolded Newton, and Newton threw Richardson to the ground and grabbed onto her purse. Newton attempted to take the purse and drag Richardson across the road. Newton let go and walked away when two security guards from the casino approached the pair. Casino staff called the tribal police who contacted the Fife Police. Richardson talked to a casino staff member about the incident. A Fife Police officer also talked to Richardson.

The State first charged Newton with second degree robbery, but later amended the charges to attempted second degree robbery and fourth degree assault, both with domestic violence designations. The parties proceeded to a bench trial. Richardson could not be located at the time of trial. Newton moved in limine to bar the admission of any out-of-court statements that Richardson made on the night of the incident based on hearsay. Defense counsel then added, "I would have the same objection to any admission of statements by her absent the right to confront her." Verbatim Report of Proceedings (VRP) at 6. The trial court responded, "I think we'll take that up when the offer is made since it was a prior motion." VRP at 7. The trial court therefore did not rule on the admissibility of any out-of-court statements pretrial.

Richardson did not testify at trial. Cheryl Baker, a lead security guard at BJ's Bingo casino who had been on duty the night of the incident, testified. She recalled that after the altercation between Richardson and Newton, Richardson returned to the casino, she was very upset and crying, and she said that she had just been hit. Baker testified that Richardson told her she did not want police involvement. Baker also recalled that Richardson told her Newton must have taken

2

her wallet and identification because she did not have it with her. Defense counsel did not object to any of Baker's testimony regarding these statements.

Newton testified at trial that he lost his temper and assaulted Richardson by pushing her down. He testified that he had no intention of taking her purse from her. His intention was to make Richardson come with him across the street.

The trial court also admitted and viewed a video of the incident that was obtained from one of the casino security cameras.

The trial court found that Newton physically attacked Richardson by throwing her to the ground and then grabbing onto her purse. The trial court also found that from the totality of the circumstances, it was clear that Newton intended to permanently deprive Richardson of her purse. Based on its findings of fact, the trial court concluded that Newton attempted to deprive Richardson of her purse against her will. The trial court concluded that Newton took a substantial step in committing second degree robbery by engaging in a physical struggle with Richardson over possession of her purse and was thus guilty of attempted second degree robbery. The trial court also concluded that Newton assaulted Richardson when he threw her to the ground and was thus guilty of fourth degree assault. Finally, the trial court concluded that both crimes were committed against a family or household member.

Newton appeals.

## ANALYSIS

### I. DOUBLE JEOPARDY

Newton argues that because the State relied on the same physical conduct to convict Newton of attempted second degree robbery and fourth degree assault, the convictions violate

double jeopardy. The State concedes that the fourth degree assault conviction should be vacated, and we accept the State's concession.

"'The constitutional guaranty against double jeopardy protects [defendants] against multiple punishments for the same offense.'" *State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011) (quoting *State v. Noltie*, 116 Wn.2d 831, 848, 809 P.2d 190 (1991)); *see* U.S. CONST. amend. V; WASH. CONST. art. I, § 9. Under these provisions, a defendant can be charged with multiple charges arising from the same conduct, but double jeopardy prohibits multiple convictions for the same conduct. *State v. Hall*, 168 Wn.2d 726, 729-30, 230 P.3d 1048 (2010). We review double jeopardy claims de novo. *State v. Classen*, 4 Wn. App. 2d 520, 531, 422 P.3d 489 (2018). The remedy for a violation of double jeopardy is to vacate the lesser conviction or the conviction that carries a lesser sentence. *State v. Albarran*, 187 Wn.2d 15, 21-22, 383 P.3d 1037 (2016).

It is clear from the record here that Newton's fourth degree assault and attempted second degree robbery convictions were based on the same conduct—pushing Richardson to the ground and pulling on her purse, dragging her across the ground. Accordingly, we accept the State's concession and reverse Newton's fourth degree assault conviction.

## II. CONFRONTATION CLAUSE

Newton also argues that his constitutional right to confront witnesses against him was violated when the trial court admitted out-of-court testimonial hearsay statements that Richardson made to casino staff. We hold that Newton failed to preserve this issue for appeal.

The confrontation clause of the Sixth Amendment to the United States Constitution provides criminal defendants the right to confront the witnesses against them. *State v. Davis*, 154 Wn.2d 291, 298, 111 P.3d 844 (2005). In *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S. Ct.

1354, 158 L. Ed. 2d 177 (2004), the United States Supreme Court held that an out-of-court testimonial statement is inadmissible unless the witness is unavailable and the defendant has had an opportunity to cross-examine that witness. *Davis*, 154 Wn.2d at 298.

A defendant must assert his right to confrontation at trial to preserve the challenge for appeal. *State v. Burns*, 193 Wn.2d 190, 210-11, 438 P.3d 1183 (2019) (holding that a RAP 2.5(a)(3) manifest constitutional error analysis does not apply to unpreserved confrontation clause claims, relying in part on *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 313 n.3, 327, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009)). The confrontation clause analysis is statement-specific and a general objection "may not be sufficient to properly apprise the trial court as to the particular statements to which [they are] objecting." *State v. Dash*, 163 Wn. App. 63, 72, 259 P.3d 319 (2011). "[S]uch a general objection may not be sufficient to preserve the claim of error for appeal." *Id.*

Generally, if a judge makes a definite, final ruling on a motion in limine, then the losing party is deemed to have a standing objection, and further objection is not required to preserve the error. *State v. Powell*, 126 Wn.2d 244, 256-57, 893 P.2d 615 (1995). But when a trial judge reserves the ruling, "'[A]ny error in admitting or excluding evidence is waived unless the trial court is given an opportunity to reconsider its ruling.'" *Id.* at 257 (quoting *State v. Carlson*, 61 Wn. App. 865, 875, 812 P.2d 536 (1991)). In that instance, the party is required to object again during trial to preserve the issue for appeal. *Id.*

Here, Newton moved in limine to prohibit the admission of any out-of-court statements that Richardson made on the night of the incident. But the trial court reserved ruling on the motion, noting that the issue should be taken up when the offer of evidence was made. The trial court did not rule on the motion pretrial, and Newton failed to further object when Baker discussed things

No. 53881-4-II

that Richardson said on the night of the incident during her trial testimony. The trial court never had an opportunity to rule on the admissibility of specific statements. Because the trial court did not rule pretrial and Newton did not object during trial, he failed to preserve the issue for appeal, and we do not address it.

We affirm Newton's conviction of attempted second degree robbery, but we reverse and remand for the trial court to vacate his conviction for fourth degree assault and for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Maxa, J.