IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| In the Matter of the Personal Restraint Petition of: | No. 53096-1-II |
| --- | --- |
| JOSHUA JONES, | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — In this Personal Restraint Petition (PRP), Joshua Jones argues that the trial court violated his equal protection rights when it charged him with the general crime of promoting commercial sexual abuse of a minor under RCW 9.68A.101 rather than the specific crime of advertising commercial sexual abuse of a minor under RCW 9.68A.104.

Because the statutes are not concurrent, we deny Jones's PRP.

FACTS

Jones was convicted of two counts of promoting the commercial sexual abuse of a minor and two counts of second degree prostitution. He appealed his convictions and we affirmed.[1] Our opinion provides the necessary factual background for the current dispute:

> Jones and his codefendant, Samuel Miles-Johnson, met two teenage girls, OL and TC, through a mutual friend in June 2013. The four of them went to a motel where they began to orchestrate a prostitution operation. Jones took photographs of OL, while Miles-Johnson took photographs of TC, to use in Internet advertisements

---

[1] *State v. Jones*, No. 47121-3, slip op. at 2, 20 (Wash. Ct. App. Feb. 2, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2047121-3-II%20Unpublished%20Opinion.pdf.

for sexual services. Jones then posted Internet advertisements for sexual services incorporating the photographs.

Jones and Miles-Johnson told the girls that customers would call them in response to the advertisements, and the girls were to provide the customers with sexual services. Jones also explained to the girls how to find customers on the street and avoid police. Customers would also call Jones's and Miles-Johnson's phones, which they let the girls use to help set up paid "dates." Report of Proceedings at 532-34. Over the course of several days, both girls had numerous customers. The girls gave Jones and Miles-Johnson the money they earned.

OL's aunt's boyfriend saw the advertisements with pictures of OL and called to set up a faux date for a large sum of money. After setting up the date, he called police, who arrived at the motel, investigated the situation, and ultimately arrested Jones and Miles-Johnson. The State charged Jones with two counts of promoting the commercial sexual abuse of a minor, one for OL and one for TC; two counts of second degree promoting prostitution, again one for each of the girls; third degree rape of a child for allegedly having sex with OL; and attempted tampering with a witness and violation of a protection order for phone calls Jones made to OL after his arrest.

Clerk's Papers (CP) at 31.

Jones was convicted by a jury of two counts of promoting the commercial sexual abuse of a minor and two counts of second degree prostitution. He also pleaded guilty to violation of a protection order. Jones was sentenced to 236 months total confinement, with his sentences running concurrently. Jones appealed his convictions and sentence, and we affirmed. *Jones*, slip op. at 2, 20.

Jones filed this timely PRP in 2019, arguing that the trial court (1) violated his equal protection rights when it charged him with the general crime of promoting commercial sexual abuse of a minor under RCW 9.68A.101, a class A felony, rather than the specific crime of advertising commercial sexual abuse of a minor under RCW 9.68A.104, or permitting commercial sexual abuse of a minor under RCW 9.68A.103, class C felonies; and (2) incorrectly

sentenced him based on a miscalculated offender score. He also argued that (3) his attorney ineffectively assisted him because he failed to accurately inform him of the consequences going to trial. After the State responded, Jones conceded that his offender score was correctly calculated. We appointed counsel and transferred the PRP to superior court for an evidentiary hearing on the ineffective assistance of counsel issue. After an evidentiary hearing, the trial court entered findings of fact, and made the following conclusions:

> 1. [Defense counsel] relayed the various offers that had been extended by the State to the defendant.
>
> . . . .
>
> 5. The defendant rejected all offers that had been extended by the State.
>
> 6. [Defense counsel] did not erroneously advise the defendant of the correct possible sentence when the State extended offers.
>
> 7. [Defense counsel] correctly advised the defendant of the possible sentence if he rejected the State's offers.
>
> 8. Assuming that the defendant was not properly advised of the potential sentence after trial, there is not a reasonable likelihood that the defendant would have accepted any of the State's offers.
>
> 9. There is no credible evidence that the defendant would have accepted any of the offers extended by the State during the pendency of the case.

CP 69-70.

After the trial court entered its findings and conclusions, Jones filed a supplemental brief. In it, he stated that he did not challenge the trial court's findings or conclusions regarding his ineffective assistance argument. The only remaining argument is whether Jones's charges and convictions violate the general-specific rule of statutory construction and equal protection rights.

## ANALYSIS

### I. STATUTORY CONCURRENCY

Jones argues that the trial court incorrectly convicted him of the general crime under RCW 9.68A.101, a class A felony, instead of the specific crime under RCW 9.68A.104, a class C felony, in violation of the general-specific statutory construction canon.[2]  We disagree.

A.    *Standard of Review and Legal Principles*

When legislative intent signals that one statute antedated another, it invokes the rule that when a general and subsequent specific statute relate to the same subject, "the provisions of the latter must prevail."  *State v. Collins*, 55 Wn.2d 469, 470, 348 P.2d 214 (1960).  When a general and specific statute relate to the same subject, we must determine whether the statutes are concurrent.  *State v. Numrich*, 197 Wn.2d 1, 13, 480 P.3d 376 (2021).  The court determines concurrency by examining whether a general statute "'will be violated in *each instance* where the [specific] statute has been violated.'"  *Numrich*, 197 Wn.2d at 13 (quoting *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984)) (emphasis added); *State v. Wilson*, 158 Wn. App. 305, 313-314, 242 P.3d 19 (2010).  A determination of whether two statutes are concurrent is based on the elements of the statutes, not the facts of a particular case.  *Wilson*, 158 Wn. App. at 314.  It is not relevant that the specific statute contains additional elements not contained in the general statute.  *Numrich*, 197 Wn.2d at 13.

---

[2] Jones initially raised an argument in his PRP about the concurrency of RCW 9.68A.101 and RCW 9.68A.103, but he conceded in his reply brief that the statutes are not concurrent.  Thus, this opinion does not address RCW 9.68A.103.

The purpose of the general-specific rule is "minimize sentence disparities resulting from unfettered prosecutorial discretion." *State v. Albarran*, 187 Wn.2d 15, 20, 383 P.3d 1037 (2016). Thus, a person's equal protection rights are implicated when the State does not charge the accused under the more specific statute because when the State selects a crime to be charged, it "can obtain varying degrees of punishment while proving identical elements." *State v. Karp*, 69 Wn. App. 369, 372, 848 P.2d 1304 (1993). Consideration of whether two statutes are concurrent is a question of law reviewed de novo. *Numrich*, 197 Wn.2d at 13.

Because the parties do not dispute that RCW 9.68A.101 antedated RCW 9.68A.104 and that both statutes deal with the same subject matter, we address only whether the statutes are concurrent.

B.      *Relevant Statutes*

The State charged Jones with Promoting Commercial Sexual Abuse of a Minor under RCW 9.68A.101, a class A felony, which states:

> (1) A person is guilty of promoting commercial sexual abuse of a minor if he or she knowingly advances commercial sexual abuse or a sexually explicit act of a minor or profits from a minor engaged in sexual conduct or a sexually explicit act.
>
> . . . .
>
> (3) For the purposes of this section:
>
>> (a) A person "advances commercial sexual abuse of a minor" if, acting other than as a minor receiving compensation for personally rendered sexual conduct or as a person engaged in commercial sexual abuse of a minor, he or she causes or aids a person to commit or engage in commercial sexual abuse of a minor, procures or solicits customers for commercial sexual abuse of a minor, provides persons or premises for the purposes of engaging in commercial sexual abuse of a minor, operates or assists in the operation of a house or enterprise for the purposes of engaging in commercial sexual abuse of a minor, or engages in any other conduct designed to institute, aid,

cause, assist, or facilitate an act or enterprise of commercial sexual abuse of a minor.

(b) A person "profits from commercial sexual abuse of a minor" if, acting other than as a minor receiving compensation for personally rendered sexual conduct, he or she accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he or she participates or will participate in the proceeds of commercial sexual abuse of a minor.

(c) A person "advances a sexually explicit act of a minor" if he or she causes or aids a sexually explicit act of a minor, procures or solicits customers for a sexually explicit act of a minor, provides persons or premises for the purposes of a sexually explicit act of a minor, or engages in any other conduct designed to institute, aid, cause, assist, or facilitate a sexually explicit act of a minor.

Former RCW 9.68A.101 (2013).

Instead, Jones asserts that he should have been charged of Advertising Abuse of Minor under RCW 9.68A.104, a class C felony, which states:

(1) A person commits the offense of advertising commercial sexual abuse of a minor if he or she knowingly publishes, disseminates, or displays, or causes directly or indirectly, to be published, disseminated, or displayed, any advertisement for a commercial sex act, which is to take place in the state of Washington and that includes the depiction of a minor.

(a) "Advertisement for a commercial sex act" means any advertisement or offer in electronic or print media, which includes either an explicit or implicit offer for a commercial sex act to occur in Washington.

(b) "Commercial sex act" means any act of sexual contact or sexual intercourse, both as defined in chapter 9A.44 RCW, for which something of value is given or received by any person.

(c) "Depiction" as used in this section means any photograph or visual or printed matter as defined in RCW 9.68A.011 (2) and (3).

RCW 9.68A.104 (Repealed by LAWS OF 2013, ch. 9, § 2, eff. July 28, 2013).

C.     *Concurrency*

Jones argues that RCW 9.68A.101 and RCW 9.68A.104 are concurrent statutes. We disagree.

A defendant violates RCW 9.68A.101 when he "knowingly advances commercial sexual abuse or a sexually explicit act of a minor or profits from a minor engaged in sexual conduct or a sexually explicit act." RCW 9.68A.101(1).  Advancing commercial sexual abuse of a minor occurs in the following circumstance:

> if, acting other than as a minor receiving compensation for personally rendered sexual conduct or as a person engaged in commercial sexual abuse of a minor, he or she causes or aids a person to commit or engage in commercial sexual abuse of a minor, procures or solicits customers for commercial sexual abuse of a minor, provides persons or premises for the purposes of engaging in commercial sexual abuse of a minor, operates or assists in the operation of a house or enterprise for the purposes of engaging in commercial sexual abuse of a minor, or engages in any other conduct designed to institute, aid, cause, assist, or facilitate an act or enterprise of commercial sexual abuse of a minor.

RCW 9.68A.101(3)(a).  And, a person "advances a sexually explicit act of a minor" occurs

> if he or she causes or aids a sexually explicit act of a minor, procures or solicits customers for a sexually explicit act of a minor, provides persons or premises for the purposes of a sexually explicit act of a minor, or engages in any other conduct designed to institute, aid, cause, assist, or facilitate a sexually explicit act of a minor.

RCW 9.68A.101(3)(c).  On the other hand, a defendant violates RCW 9.68A.104 when he "knowingly publishes, disseminates, or displays, or causes directly or indirectly, to be published, disseminated, or displayed, any advertisement for a commercial sex act, which is to take place in the state of Washington and that *includes the depiction of a minor*."  RCW 9.68A.104(1) (emphasis added).  "Advertisement for a commercial sex act" is defined as "*any* advertisement or offer in electronic or print media, which includes either an explicit or implicit offer for a

commercial sex act." RCW 9.68A.104(1)(a).  And, "depiction" is defined as "any photograph or visual or printed matter."  RCW 9.68A.104(1)(c).

A defendant does not violate the general statute, RCW 9.68A.101, in each instance he violates the specific statute, RCW 9.68A.104.  To violate RCW 9.68A.104, a defendant need only include a *depiction* of a minor as part of *any* advertisement of commercial sexual act, even if the advertisement was only promoting a commercial sexual act of an adult.  In contrast, a defendant violates RCW 9.68A.101, when he *promotes* the sexual abuse of a minor.  An advertisement depicting a minor, without the minor having any relation to a commercial sexual act, violates RCW 9.68A.104 if the person knowingly "knowingly publishes, disseminates, or displays . . . [an] advertisement." RCW 9.68A.104(1).  On the other hand, for a defendant to violate RCW 9.68A.101, the advertisement of a commercial sexual act must contain *more* than just depiction of a minor—the advertisement must "knowingly *advance[ ]* commercial sexual abuse" of a minor or "profit[ ] from a minor engaged in sexual conduct or a sexually explicit act."  RCW 9.68A.101.  In other words, RCW 9.68A.104 does not require the minor to be involved in a commercial sexual act, while RCW 9.68A.101 requires that the minor be involved in the commercial sexual act in some way.  Therefore, the statues are not concurrent because the general statute is not violated in each instance the specific statute is violated.

Because the statutes are not concurrent, they do not follow the general-specific rule of construction, and the State was not required to charge Jones under the specific statute.  Thus, Jones fails to show a violation of his equal protection rights.

8

II. Remedy

Jones requests that this court grant his PRP and remand with instructions for resentencing under the specific statute, RCW 9.58A.104. We disagree.

A petitioner seeking relief through a PRP is entitled to relief if he demonstrates that he is unlawfully restrained. RAP 16.4(a). A petitioner is unlawfully restrained when he can show that his conviction or sentence was imposed or obtained in violation of Washington laws or the Constitution. RAP 16.4(c)(2). Errors implicating the closely guarded constitutional right of equal protection is of constitutional magnitude. U.S. Const. Amend. 14; Wash. Const. art. 1, § 12; *State v. Smith*, 117 Wn.2d 263, 281, 814 P.2d 652 (1991). If an error is of constitutional magnitude, the petitioner must show actual and substantial prejudice. *State v. K.A.B.*, 14 Wn. App. 2d 677, 704, 475 P.3d 216 (2020).

Jones received 236 months and 36 months of community custody for each count of promoting commercial sexual abuse of a minor under the general statute, RCW 9.68A.101. Because RCW 9.68A.101 and RCW 9.68A.104 are not concurrent, Jones was properly convicted and sentenced under the general statute. We reject Jones's PRP because he fails to show that he is entitled to relief per RAP 16.4(a).

CONCLUSION

Jones was properly convicted and sentenced under the general statute, RCW 9.68A.101. Because RCW 9.68A.101 and RCW 9.68A.104 are not concurrent, the general-specific rule,

which instructs the State to charge a defendant under the more specific statute, does not apply.

Therefore, the State properly charged Jones under the general statute, and we deny Jones's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Glasgow, A.C.J.

Price, J.