**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55506-9-II |
| Respondent, | |
| v. | UNPUBLISHED  OPINION |
| BRANDON ARMUS THRALL, | |
| Appellant. | |

WORSWICK, J. — Brandon Thrall appeals his conviction and sentence for possession of a stolen vehicle.  He argues that the trial court incorrectly convicted him of the general crime under RCW 9A.56.068 instead of the specific crime under RCW 46.12.750 in violation of the general-specific statutory construction canon.  We disagree and affirm.

FACTS

The State charged Thrall with, among other things, one count of possession of a stolen vehicle under RCW 9A.56.068.  Thrall waived his right to a jury trial and proceeded to a stipulated facts bench trial.

Thrall stipulated that he found a vehicle abandoned with the key in the ignition.  He watched the vehicle for two hours and, when no one took the vehicle, he got into it and drove it away.  Thrall did not know the owner of the vehicle and believed it was stolen at the time he took it.  The vehicle was later confirmed stolen out of the state of Oregon.  Thrall knowingly

possessed the stolen vehicle in Lewis County, Washington. The trial court convicted Thrall of possession of a stolen vehicle.

Before sentencing, Thrall filed a motion to clarify his sentencing range. He argued that a more specific statute—RCW 46.12.750—addressed the same criminal conduct as RCW 9A.56.068, and therefore, Thrall should be sentenced according to the lower standard sentencing range under RCW 46.12.750. The trial court denied Thrall's motion, concluding that the statutes were not concurrent.

Thrall appeals his judgment and sentence.

ANALYSIS

Thrall argues that the trial court incorrectly convicted him of the general crime under RCW 9A.56.068 instead of the specific crime under RCW 46.12.750 in violation of the general-specific statutory construction canon. We disagree.

"The general-specific rule is a 'well established rule of statutory construction that [if] a special statute punishes the same conduct [that] is punished under a general statute, the special statute applies and the accused can be charged only under that statute.'" *State v. Numrich*, 197 Wn.2d 1, 13, 480 P.3d 376 (2021) (quoting *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984)). When a general and specific statute relate to the same subject, we must determine whether the statutes are concurrent. *Numrich*, 197 Wn.2d at 13. The court determines concurrency by examining whether a general statute "'will be violated in each instance where the [specific] statute has been violated.'" *Numrich*, 197 Wn.2d at 13 (quoting *Shriner*, 101 Wn.2d at 580); *State v. Wilson*, 158 Wn. App. 305, 313-314, 242 P.3d 19 (2010). A determination of

whether two statutes are concurrent is based on the elements of the statutes, not the facts of a particular case. *Wilson*, 158 Wn. App. at 314.

The purpose of the general-specific rule is to "minimize sentence disparities resulting from unfettered prosecutorial discretion." *State v. Albarran*, 187 Wn.2d 15, 20, 383 P.3d 1037 (2016). Thus, a person's equal protection rights are implicated when the State does not charge the accused under the more specific statute because when the State selects a crime to be charged, it "can obtain varying degrees of punishment while proving identical elements." *State v. Karp*, 69 Wn. App. 369, 372, 848 P.2d 1304 (1993). Consideration of whether two statutes are concurrent is a question of law reviewed de novo. *Numrich*, 197 Wn.2d at 13.

The State charged Thrall with unlawful possession of a stolen motor vehicle under RCW 9A.56.068, which provides: "(1) A person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle. (2) Possession of a stolen motor vehicle is a class B felony." RCW 9A.56.068 must be read in conjunction with RCW 9A.56.140(1), which defines "possessing stolen property" as "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto."

Thrall argues that he should have been charged with RCW 46.12.750(1), which he alleges is the more specific statute. RCW 46.12.750 provides:

> (1) A person is guilty of a class B felony if the person:
>
> (a) Knowingly makes any false statement of a material fact, either on an application for a certificate of title or in any transfer of a certificate of title;
>
> (b) Intentionally acquires or passes ownership of a vehicle which that person knows or has reason to believe has been stolen;

(c) Receives or transfers possession of a stolen vehicle from or to another person;

(d) Possesses any vehicle which that person knows or has reason to believe has been stolen;

(e) Alters or forges or causes the alteration or forgery of:

(i) A certificate of title or registration certificate issued by the department;

(ii) An assignment of a certificate of title or registration certificate; or

(iii) A release or notice of release of an encumbrance referred to on a certificate of title or registration certificate; or

(f) Holds or uses a certificate of title, registration certificate, assignment, release, or notice of release, knowing that it has been altered or forged.

(2) A person convicted of violating subsection (1) of this section must be punished by a fine of not more than five thousand dollars or by imprisonment for not more than ten years, or both such fine and imprisonment. This subsection does not exclude any other offenses or penalties prescribed by any existing or future law for the larceny or unauthorized taking of a vehicle.

(3) It is a class C felony for a person to sell or convey a vehicle certificate of title except in conjunction with the sale or transfer of the vehicle for which the certificate was originally issued.

To discern whether the two statutes are concurrent, we must determine whether every violation of RCW 46.12.750 will result in the violation of RCW 9A.56.070. A plain reading of the statutes reveals that a person could violate RCW 46.12.750 without violating RCW 9A.56.070. For instance, a person could violate RCW 46.12.750 by knowingly making a false statement of a material fact on an application for a certificate of title, or by altering a certificate of title or registration. But such conduct would not constitute knowingly possessing a stolen motor vehicle under RCW 9A.56.070.

4

Thrall urges us to only consider the elements of RCW 46.12.750(1)(d). But a determination of whether two statutes are concurrent is based on the elements of the statutes, not the facts of a particular case. *Wilson*, 158 Wn. App. at 314. In order for the general-specific statute rule to apply, every violation of the specific statute must result in a violation of the general statute. *Numrich*, 197 Wn.2d at 13. This requires consideration of each alternative means of the specific statute. *See State v. Walker*, 75 Wn. App. 101, 106, 879 P.2d 957 (1994) (considering each alternative means of the joyriding statute to determine if it was concurrent with the first degree theft statute).

Moreover, even considering only RCW 46.12.750(1)(d), the statutes are not concurrent. To prove a person unlawfully possessed a stolen vehicle under RCW 9A.56.070, the State must prove that they knowingly possessed a vehicle that they knew at the time was stolen. Comparatively, to prove a person violated RCW 46.12.750(1)(d), the State need only show that a person "had a reason to believe" the vehicle had been stolen. The latter permits conviction based on a lower level of culpability. A person could violate RCW 46.12.750(1)(d) by possessing a vehicle which that person *has reason to believe* has been stolen without violating RCW 9A.56.070 because they did not have *actual knowledge* that the vehicle was stolen. *See* WPIC 10.02 ("A person knows or acts knowingly . . . with respect to a [fact] when he or she is aware of that [fact]. If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted *but not required* to find that he or she acted with knowledge of that fact.") (Emphasis added). Accordingly, the two statutes are not concurrent.

5

No. 55506-9-II

Because the statutes are not concurrent, the general-specific rule of construction does not apply, and the State was not required to charge Thrall under RCW 46.12.750. Thrall's argument fails, and we affirm his conviction and sentence.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Veljacic, J.