IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37578-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAVIER GARZA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Javier Garza appeals after the juvenile court determined it lacked statutory authority to vacate his 1995 adjudication that he was guilty of third degree rape. We affirm.

FACTS

In 1995, a juvenile court adjudicated Javier Garza guilty of third degree rape. In 2019, he moved to seal his juvenile file. In a later filed memorandum, citing RCW 13.50.260(3), he argued the court should seal his juvenile file *and* vacate his adjudication. The State objected insofar as Mr. Garza sought to vacate his adjudication. After a contested hearing, the juvenile court granted Mr. Garza's request to seal his file

but denied his request to vacate his adjudication. The court later entered formal findings of fact and conclusions of law.

Mr. Garza then filed a second motion to vacate, this time challenging the constitutionality of Title 13 RCW, which governs juvenile courts and adjudications. He argued Title 13 RCW, which governs juvenile courts and juvenile offenders, violates federal and state equal protection to the extent that some adult convictions could be vacated while no juvenile adjudications could. After a contested hearing, the court denied Mr. Garza's equal protection challenge. He then appealed to this court.

ANALYSIS

INTERPRETATION OF RCW 13.50.260(3)

Mr. Garza argues that RCW 13.50.260(3) grants a juvenile court the authority to vacate his adjudication. We disagree.

RCW 13.50.260(3) provides in relevant part:

If a juvenile court record has not already been sealed pursuant to this section, in any case in which information has been filed pursuant to RCW 13.40.100 or a complaint has been filed with the prosecutor and referred for diversion pursuant to RCW 13.40.070,[1] the person who is the

---

[1] RCW 13.40.070(1) requires a prosecutor to review complaints referred to juvenile court to ensure that court has jurisdiction and the complaint is supported by probable cause. If so, the prosecutor then files an information in juvenile court or refers the case for diversion. RCW 13.40.070(3).

> subject of the information or complaint may file a motion with the court to have the court vacate *its order and findings,* if any . . . .

(Emphasis added.)

We review the meaning of statutes de novo. *State v. Wentz*, 149 Wn.2d 342, 346, 68 P.3d 282 (2003). The purpose of statutory interpretation is to effectuate legislative intent. *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). We do so by looking at the plain language of the statute, considering the text of the provision and its context within the statute, related provisions, and the statutory scheme. *Id.*

RCW 13.50.260 is entitled "Sealing hearings—Sealing of records." (Boldface omitted.) The plain language of RCW 13.50.260(3) does not permit a juvenile court to vacate an adjudication. The language refers only to vacation of a juvenile court's "order and findings." If the legislature intended the subsection to permit vacation of adjudications, it could have said so. It did not.

Mr. Garza argues that "order and findings" include adjudications and cites RCW 13.50.010(1)(c). That subsection defines "Official juvenile court file" as including "findings of the court," "court orders," and "judgments." Instead of supporting his argument, RCW 13.50.010(1)(c) refutes it. It is evident that the legislature differentiates between findings, orders, and judgments. An adjudication is a judgment. RCW 13.50.260(3) permits a court to vacate its "order and findings"; it does not permit a

3

court to vacate its judgment or adjudication.  We conclude that the juvenile court properly denied Mr. Garza's motion to vacate his adjudication.

EQUAL PROTECTION

Mr. Garza argues that Title 13 RCW violates his constitutional right to equal protection because adult offenders can vacate some convictions while juvenile offenders cannot.  The State responds that Mr. Garza lacks standing to make this argument.  We agree.

"A defendant has no standing to attack the constitutionality of a statute unless the defendant is harmfully affected by the particular feature of the statute alleged to be unconstitutional."  *State v. Jendrey*, 46 Wn. App. 379, 384, 730 P.2d 1374 (1986) (citing *State v. Lundquist*, 60 Wn.2d 397, 401, 374 P.2d 246 (1962)).  The law does not allow a court to vacate adult convictions of third degree rape.  *See* RCW 9.94A.640(2)(b); RCW 43.43.830(7).  Because Mr. Garza is not harmed by the law's unequal treatment of juvenile adjudications and adult convictions, he has no standing to assert his equal protection argument.  The juvenile court correctly rejected Mr. Garza's equal protection

No. 37578-1-III
*State v. Garza*

challenge.[2]

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Siddoway, A.C.J.                                              Staab, J.

---

[2] Courts may vacate some adult convictions but no juvenile adjudications. In this manner, the law treats adult convictions and juvenile adjudications unequally. Yet for Mr. Garza to prevail on his equal protection challenge, he must establish that *persons*— not convictions—are treated unequally. *State v. Schaaf*, 109 Wn.2d 1, 17, 743 P.2d 240 (1987). We note that neither juveniles nor adults can vacate their juvenile adjudications.